65　285
6143　548

[No. 7,867.　Department Two.—May 28, 1884.]

ROMULO M. F. SOTO, APPELLANT, *v.* JOSEPH D. VANNOY, RESPONDENT.

CONTESTED ELECTION—TIE VOTE—COSTS.—In a contested election case, where it is determined that there was a tie vote, neither of the parties can recover costs,

APPEAL from a judgment of the Superior Court of the county of Monterey.

The facts are stated in the opinion of the court.

*Romulo M. F. Soto,* for Appellant, in *pro. per.*

*Harry V. Morehouse,* and *D. S. Gregory,* for Respondent.

The COURT.—This is a contested election case. The court below found that the vote, as between the contestant and respondent, was a tie vote, and thereupon rendered judgment in favor of respondent, and for his costs.

Under sections 1114 and 1122 of the Code of Civil Procedure, judgment in a contested election case, is authorized to be one of three, viz:—

1. Of dismissal, if the statement of the cause of contest be insufficient.

2. Confirming the election.

3. Setting aside and annulling the election of the respondent, if the number of his legal votes be reduced *below* the number of votes given to some other person.

According to section 1125, if the proceedings are dismissed for insufficiency or want of prosecution, or if the election of the respondent be confirmed, the judgment must be against the person contesting, for costs; if the election be annulled and set aside, the judgment for costs must be against the respondent. Each party is primarily liable for his own costs to the officers and witnesses entitled thereto, but he cannot recover them of the other party to the proceeding unless he brings himself within the statute authorizing such recovery. In this case, the respondent does not so bring himself. The judgment neither confirms nor annuls the election.

It does not appear that any error was committed by the court in arriving at the conclusion that there was a tie vote.

The judgment is reversed.