[14914.  Department Two. — March 27, 1893.]

GRATZ K. BROWN, Respondent, *v.* C. L. JENKS,
APPELLANT.

Appeal — Consent of Respondents to Reversal of Judgment — Rights of Appellant — Decision of Errors Assigned. — Where the appellant contends that the trial court improperly overruled his demurrer to the complaint, and improperly struck out a defense from his answer, the consent of the respondent to a reversal of the judgment, upon the ground that the court erred in striking out the defense, cannot deprive the appellant of his right to have the correctness of the ruling on the demurrer determined.

Street Improvement — Bond to Keep Street in Repair — Invalid Assessment — Authority of City Council — Expense of Repair — Guaranty. — A requirement in a contract for street improvement under the provisions of the act of March, 1885 (Stats. 1885, p. 147), that the contractor shall give a bond with sureties conditioned "for keeping the streets so improved in thorough repair for the term of five years from the completion of the contract," vitiates an assessment for the work done under the contract. The act contains no grant of authority to the city council for keeping a street in repair, and needed repairs must be made only at the expense of the owners of the frontage where the repairs are required, at the time of such repairs; and the expense of keeping the street in repair cannot be assessed in advance against all the owners of frontage along the line; nor can the city council require them to pay for the expense of a guaranty that the work would be so well done as not to require repairs for five years.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*C. L. Jenks, Jr.*, for Appellant.

*C. H. T. Palmer*, and *Shaw & Holland*, for Respondent.

TEMPLE, C.—This appeal presents two questions: 1. Whether the court properly overruled defendant's demurrer to plaintiff's complaint. 2. Whether the court properly struck out a defense from the answer.

Respondent confesses error in striking out the defense, and consents that the case be reversed on that ground. He says the point made by defendant on the demurrer is radical and important, and will be argued when the case is again here, in such form as to require its determination. The question as to the correctness of this ruling is properly presented on this appeal from the judgment, and the consent of respondent to a reversal on some other ground, which does not dispose of the demurrer, cannot deprive appellant of his right to have it determined.

The question there raised is whether defendant can be put to the labor and expense of a trial on the merits or not. Naturally, it is the first point to be determined, and as the city of San Diego may have an interest in the question beyond this case, it is to be regretted that we have not the advantage of the views of its counsel upon the subject.

The action is brought upon an assessment for street work.

It appears that the city council passed a resolution to the effect that it was its intention to order the following street work done: "That D Street from the east line of California Street to the east line of Front Street . . . . be paved with hard por- phyry rock macadamizing, and cross-walked with granite, and guttered with granite, all in accordance with the general specifi- cations and the special specifications No. 1 for business streets," etc.

The notices required were duly given, a resolution in due form passed, published for the proper time, an order made requiring the work to be done, and the work was contracted to be done in accordance with the resolution of intention, by a contractor who has done the work as required, which has been duly accepted by the proper officers of the city.

The specifications referred to required the contractor to give a bond with sureties, conditioned "for keeping the streets so improved in thorough repair for the term of five years from the completion of the contract; payment in full of the contract price shall not release the contractor or sureties on said bond until five (5) years shall have expired. The necessity of such repairs shall be determined by the street commissioner and *ex officio* superintendent of streets and the street committee of the city of San Diego."

The specifications are attached to the complaint and make a part of it, and it is averred that the bond was given by the con- tractor as required. It is contended that this requirement in the contract vitiated the assessment.

The work was done under the provisions of an act of the legislature passed March 18, 1885. (Stats. 1885, p. 147.)

This act contains no grant of authority to the city council to contract for keeping a street in repair. Section 2 authorizes the council to contract for different kinds of street work. In

all cases the work authorized is such as is necessary to make and complete a street or to repair existing defects.

The bond is not only unauthorized by the words of the statute, but the requirement changes and may increase the burdens of the property owner. It is manifest that the obligation to keep the street in repair for five years is a burden which one would not undertake for nothing. Therefore, a contractor would charge a higher price for the work when he was forced to contract also for repairs. The expense undertaken is indefinite and the property owner must pay for them in advance, whereas the statute provides for repairs after the necessity for them appears. Then it being contingent, he will be paying for repairs which may never be required. And then they are assessed upon a different basis from that provided by the statute. Section 13 provides that needed repairs shall be made by the owners of the frontage where the repairs are required. Under the contract, all the owners of frontage along the entire line are assessed in proportion to frontage. As to some of them, no repairs may ever be required, or such as would be much less costly than repairs at other places along the line covered by the contract.

From the argument of appellant, I gather that it was suggested in the lower court that this requirement in the specifications was intended as a guaranty that the work would be well done, and would not require repairs for that period of time. If so, the provision is equally unauthorized. The lot owner cannot be made to pay for such a guaranty which may become worthless before the time has elapsed.

Officers are provided and vested with the power and charged with the duty of seeing that such work is properly done. A bond cannot be substituted for the performance of this duty. Besides it is for all repairs, and not such as may result from defects in the work. It covers repairs for defects from unforeseen causes or from wanton abuse of the street by individuals.

If the contractor is willing to testify that the anticipated cost of repairing did not enhance the price, such testimony would not help the matter. Others might have bid for the work a less sum if this requirement had not been made.

I think the case should be reversed, with directions to the court below to sustain the demurrer.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the court below to sustain the demurrer.

Fitzgerald, J., McFarland, J., De Haven, J.