[S. F. No. 1111.  Department One.—October 6, 1897.]

SUN INSURANCE COMPANY, Respondent, v. GEORGE E. WHITE, Appellant.

APPEAL—MOTION OF RESPONDENT FOR REVERSAL—PARTIAL CONFESSION OF ER-
RORS.—On an appeal upon a judgment-roll containing a bill of exceptions
in which there are many exceptions to the rulings of the court at
the trial, not conceded by the respondent to be erroneous, and it is
also claimed by the appellant that upon the findings of fact, judg-
ment should have been rendered in appellant's favor, the respondent
ought not to be allowed to foreclose an examination of the record,
after the parties have had an opportunity to be heard upon the
merits, by a confession of errors in certain particulars only, and
a motion of respondent for reversal of the judgment, and that the
cause be remanded for a new trial, upon such partial confession of
errors, must be denied.

MOTION in the Supreme Court to reverse a judgment upon a confession of errors by respondent.

The facts are stated in the opinion of the court.

William T. Baggett, Dunne & McPike, Walter H. Linforth, and Johnson, Linforth & Whitaker, for Appellant.

Rhodes & Rhodes, for Respondent.

THE COURT.—The respondent herein has filed a confession of errors committed by the superior court, in that at the trial it erroneously overruled the objections of the appellant to the admission of certain evidence, and also that a certain finding of fact is not sustained by the evidence; and has moved thereon for a reversal of the judgment, and that the cause be remanded for a new trial.

The appeal is from the judgment alone, and is presented here upon the judgment-roll containing a bill of exceptions, in which are many exceptions to the rulings of the court at the trial not conceded by the respondent to be error, and also specifying many particulars in which the evidence is alleged to be insufficient to sustain other findings than the one designated by the respondent. The appellant resists the motion upon the ground that the confession of error does not extend to all errors assigned in the bill of exceptions, and upon the further ground that upon the find-

ings of fact made by the court it should have rendered judgment in her favor.

If it appears from the record upon an appeal from a judgment that the findings of fact made by the court below are such as to require judgment thereon in favor of the appellant ·rather than the respondent, this court is authorized to direct such judgment to be entered, unless it shall also appear that such findings are the result of evidence erroneously admitted or excluded. In such a case the court will direct a new trial. (Code Civ. Proc., sec. 53.) Such conclusion can be reached, however, only upon an examination of the record, and after the parties have had an opportunity to be heard upon the merits. The respondent ought not to be allowed to foreclose this examination and hearing by a confession of certain errors which may or may not be determinative of the rights of the parties.

The motion is denied.