[S. F. No. 1902.   Department Two.—March 31, 1900.]

MARY J. SNIBLEY et al., Executors, etc., Respondents, v. WILLIAM PALMTAG, Appellant.

ELECTION CONTEST—STATUTORY PROCEEDING — GROUNDS. — An election contest is a statutory proceeding which can only be inaugurated in one of the cases enumerated in section 1111 of the Code of Civil Procedure, and upon no other grounds than those therein specified.

ID.—ILLEGAL VOTES—COMPARATIVE NUMBER OF VOTES.—A contest may be made on account of illegal votes; but it is not a ground of contest merely that some other person received a higher number of votes than the one declared, or an equal number of votes with him.

ID.—HIGHEST NUMBER OF LEGAL VOTES.—It is only where some other person than the one returned has received the highest number of legal votes that he can be declared elected.

ID.—FINDING OF TIE VOTE—IMPROPER JUDGMENT ANNULLING CONTEST—DISMISSAL.—A finding upon an election contest that the contestant and the contestee have "received an equal and the highest number of votes cast for said office," cannot sustain a judgment annulling the election. The judgment should be that the contestant take nothing by the proceeding, and that it be dismissed.

APPEAL from a judgment of the Superior Court of San Benito County.   M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

H. W. Scott, and Briggs & Hudner, for Appellant.

A. M. Cunning, and L. W. Jefferson, for Respondents.

TEMPLE, J.—This is an election contest for the office of supervisor of San Benito county, under sections 1111 et seq.

of the Code of Civil Procedure, and was commenced by Daniel Snibley, now deceased, who was an opposing candidate for the 'office to defendant, who received the certificate from the canvassers.

The court found that there was a tie vote, "said Palmtag and said Snibley having received an equal and the highest number of votes cast for said office."

The proceeding is statutory, and can be inaugurated in four different cases, stated in section 1111 of the Code of Civil Procedure. The fourth ground is: "On account of illegal votes." That some other person received more votes than the person declared elected, or an equal number with such person, is not made a ground of contest. Section 1114 of the Code of Civil Procedure reads as follows: "Nothing in the fourth ground of contest specified in section 1111 is to be so construed as to authorize an election to be set aside on account of illegal votes, unless it appear that a number of illegal votes has been given to the person whose right to the office is contested, which, if taken from him, would reduce the number of his legal votes below the number of votes given to some other person for the same office, after deducting therefrom the illegal votes which may be shown to have been given to such other person."

Section 1123 of the Code of Civil Procedure reads as follows: "If in any case it appears that another person than the one returned has the highest number of legal votes, the court must declare such person elected."

Under these provisions it is obvious that the judgment annulling the election is unauthorized by the statute, or by the facts found. The judgment should have been that the contestant take nothing by the proceeding and it be dismissed, and the cause is remanded, with direction that the superior court make such modification.

McFarland, J., and Henshaw, J., concurred.