[S. F. No. 1497.   Department One.—October 4, 1900.]

ALAMEDA MACADAMIZING COMPANY, Appellant, v. E. J. PRINGLE et al., Respondents.

STREET IMPROVEMENT—BOND GUARANTEEING WORK FOR ONE YEAR—VOID CONTRACT AND ASSESSMENT.—An ordinance requiring that the contractor for a street improvement shall give a bond in a sum to be determined by the mayor guaranteeing the work for one year from injury by ordinary use, is unauthorized, improperly increases the burdens of the property owner for the additional expense of necessary repairs for twelve months, and makes the contract and assessment void.

ID.—DUTY OF OFFICERS—SUBSTITUTION OF BOND.—A bond cannot be substituted for the performance of the duty of the officers required to see that the work under the contract is properly done.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.   John Ellsworth, Judge.

The facts are stated in the opinion.

Johnson & Shaw, and James C. Martin, for Appellant.

Duncan Hayne, and William B. Pringle, for Respondents.

COOPER, C.—This action was brought to foreclose a street assessment lien under an assessment issued by the superintendent of streets of the city of Oakland. Defendants recovered judgment, and this appeal is by plaintiff from the judgment and order denying a new trial. It appears that the contract was let under the street law, and an ordinance duly adopted by the city, which provided, among other things, that all persons bidding for street work shall "file a bond in the sum to be determined by the mayor guaranteeing the work for one year from injury by ordinary use." Was this specification authorized by the statute, and did it increase the burdens of the property owner? We think it was unauthorized by the statute and that it increased the burdens of the property owner and made the contract and assessment void. (*Brown v. Jenks,* 98 Cal. 12; *Burnett v. Llewelyn,* 32 Pac. Rep. 702.) In the first case cited the provision required the contractor to give a bond "for keeping the streets so improved in thorough repair for the term of five years from the completion of the contract," and it was held that the provision was not authorized and rendered the contract and lien void. In the opinion it is said: "The bond is not only unauthorized by the words of the statute, but by the requirement changes, and may increase the burdens of the property owner. It is manifest that the obligation to keep the street in repair for five years is a burden which one would not undertake for nothing. Therefore, a contractor would charge a higher price for the work when he was forced to contract also for repairs. The expense undertaken is indefinite, and the property owner must pay for them in advance, whereas the statute provides for repairs after the necessity for them appears. Then, it being contingent, he will be paying for repairs which may never be required."

It is said that the provision here only guarantees the work, and does not require the contractor to keep the streets in repair, as was the case in *Brown v. Jenks, supra.* But we are unable to draw any such nice shades of distinction. The contractor under the bond was bound "to guarantee the work for one year from injury by ordinary use." It is a self-evident proposition that the use of a paved or macadamized street by the traveling

public for one year will injure it to some extent, at least. The material of which the pavement is made may wear in places, break, or become injured in others; and under this bond the contractor was required to either make the necessary and proper repairs himself, or the city could make them and recover of him and his bondsmen the cost of such repairs. The amount of such injury by ordinary use is a matter of conjecture. It might be one thousand dollars or much more, but whether more or less the principle is the same. It could make no difference, in case the injury were one thousand dollars, whether the contractor should spend the one thousand dollars in making good the injury by repairing the street himself, or pay it to the city and let the city spend it for the same purpose. Neither does the time make any difference. If a contract to keep in repair for five years is a burden upon the taxpayers, so is a contract to keep in repair for one year. Such contract is a burden in either case, although differing in degree. No contractor would undertake for nothing, after having fully complied with his contract, to guarantee the work "from injury by ordinary use" for one year. And no matter how carefully and conscientiously the contractor may have complied with his contract in every detail, so as to be entitled to all agreed to be paid him, he must, in addition to having so performed his contract, pay the wear and tear of the street by ordinary use for one year.

It is argued that the bond was required as a guaranty that the work would be well done and that the bidder was responsible. The amount of the bond is not fixed by the ordinance, but is left to the arbitrary discretion of the mayor. He might require a very small bond of one bidder or class of bidders, and a very large one of some other bidder or class of bidders. But it is not necessary to decide as to whether or not the city council could delegate such authority to the mayor. The contention is fully answered in *Brown v. Jenks, supra*, where it is said: "Officers are provided and vested with the power and charged with the duty of seeing that such work is properly done. A bond cannot be substituted for the performance of this duty."

We are unable to distinguish this case from the rule laid down in *Brown v. Jenks, supra*.

It is claimed that a different rule has been adopted in other states. An examination of the cases cited has been made, and we fail to find any different rule in any state except where the statute is different from ours. The question has lately been discussed and the authorities reviewed by the supreme court of Oregon in *Portland v. Bituminous Pavement etc. Co.*, 33 Or. 307,[1] and the rule here adopted approved and followed. The court in conclusion said: "It is clear that under the authorities, based upon what we believe to be sound reasoning, the assessment against property to meet the additional expense of such repairs was unwarranted by the charter." In this case we think it perfectly clear that the assessment against the property of defendants included the additional expense of the repairs of the street for one year, by reason of all damages from injury by ordinary use. This must have been the view taken by all the parties when the bond in this case was prepared and approved by the mayor, for the condition there is "that the said company shall keep in good repair . . . . for the term of twelve months from the completion and acceptance of the work."

If the views herein expressed are correct, it is not necessary to discuss any other question in the case.

We advise that the judgment and order be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison J., Garoutte, J., Van Dyke, J.

---

[1] 72 Am. St. Rep. 713.