[S. F. No. 3585. In Bank.—June 13, 1904.]

## JOSEPH C. WRIGHT, Appellant, v. FRANK ASHTON, Respondent.

ELECTION CONTEST — TIE VOTE—PLURALITY — CERTIFICATE NOT ANNULLED.—Where upon a contest of election the contestant and contestee have received an equal number of legal votes for the office contested, which was higher than the number of ballots cast for other candidates for the same office, the certificate of election cannot be annulled.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Bell, York & Bell, for Appellant.

Raymond Benjamin, for Respondent.

ANGELLOTTI, J.—This is an election contest involving the office of justice of the peace of Hot Springs Township, in Napa County. Upon the canvass of the returns by the board of supervisors, it was determined that contestee, Frank Ashton, had received one hundred and one votes; contestant, Joseph C. Wright, ninety-five votes; one William T. Simmons, seventy-seven votes; and one I. Wixon, thirty votes,—and Ashton was thereupon declared elected.

This contest was thereupon instituted, the grounds specified in the statement being, that the boards of election in each of the two precincts of the township had been guilty of malconduct, in that they had miscounted the ballots, and that in each of the precincts illegal votes had been given to said Ashton.

It was further alleged that the officers of one of the precincts had failed "to keep a list of the residences of each elector."

It appears from the record that upon the trial no evidence was offered or received on behalf of either party concerning any illegal votes or any other ground of contest, other than the ballots cast at the election, which were counted by the court, and the cause was submitted to the court for decision solely upon such recount of the ballots by the court.

The court found thereon that there were two hundred and sixty-five legal votes cast for said office at said election, of which Ashton received seventy-nine, Wright seventy-nine, Simmons seventy-seven, and Wixon thirty. Judgment was thereupon entered that Wright take nothing by the action, that the action be dismissed, and that each party pay his own costs. The contestant appeals from this judgment.

It is not claimed that the trial court erred in any of its rulings relating to the count of the ballots, the only questions presented upon this appeal being as to the proper disposition to be made of a proceeding of this kind, when it is found therein that, upon a correct count of the legal ballots, the person declared elected did not, in fact, receive *more* votes than some other candidate for the same office, but did receive

CXLIII. Cal.—35

as many votes as any other candidate; in other words, when it is found that the person declared elected and some other person or persons received an equal and the highest number of votes. Appellant's claim in this regard is, that the election of contestee should have been annulled, and he bases his claim upon the provisions of section 1112 of the Code of Civil Procedure, which provides as follows, viz.: "No irregularity or improper conduct in the proceedings of the judges, or any of them, is such malconduct as avoids an election, unless the irregularity or improper conduct is such as to procure the person whose right to the office is contested to be declared elected, when he had not received the *highest* number of legal votes."

It is said that it affirmatively appears here that the mistakes of the election boards in counting the ballots were such as to procure contestee to be declared elected when he had not received the *highest* number of legal votes, and that judgment annulling his election should therefore have been given.

It is apparent that if the election officers had properly counted the votes, the contestee could not have been declared elected, for he would not have had a plurality on the face of the returns, and the case would have fallen under the provisions of section 1067 of the Political Code, which provides that "If at any election, except that for governor or lieutenant-governor, two or more persons receive an equal and the highest number of votes, there is no choice, and a special election to fill such office must be ordered by the proper board or officer."

The mistakes of the election officers have therefore resulted in causing to be declared elected one who did not receive a greater number of the legal votes cast for the office than any other person.

It does not, however, follow that his right to the office may be successfully contested in this proceeding. Whether or not it can be so contested depends entirely upon the statutory provisions relating to the contests which may be maintained under sections 1111 et seq. of the Code of Civil Procedure.

Section 1112 of the Code of Civil Procedure, relied on by appellant, is susceptible of the construction contended for by him. In one sense of the word, the respondent did not receive "the highest number of legal votes," for another re-

ceived as many, and the mistakes of the election officers in the counting procured him to be declared elected.

In another sense of the words, however, respondent did receive "the highest number of legal votes," for the highest number cast for any person for said office was seventy-nine, which he received, as did also the appellant. (Pol. Code, sec. 1067.)

The statute provides that the right of any person declared elected may be contested, 1st, on account of the malconduct of election officers, and, 4th, on account of illegal votes. (Code Civ. Proc., sec. 1111, subds. 1, 4.) Section 1114 of the Code of Civil Procedure provides that "Nothing in the fourth ground of contest specified in section 1111, is to be so construed as to authorize an election to be set aside on account of illegal votes, unless it appear that a number of illegal votes has been given to the person whose right to the office is contested, which, if taken from him, would reduce the number of his legal votes *below* the number of votes given to some other person for the same office, after deducting therefrom the illegal votes which may be shown to have been given to such other person."

There is apparent no sound reason why the election should be annulled where one of two persons receiving an equal and the highest vote has been procured to be declared elected because of the irregularity or improper conduct in the proceedings of the judges of election, and not be annulled when such result was procured by illegal votes. Yet such would be the result if appellant's construction of section 1112 of the Code of Civil Procedure in this regard be correct, for there can be no question as to the proper construction of section 1114 of the Code of Civil Procedure.

If the concluding provision of section 1112 of the Code of Civil Procedure—viz., "When he had not received the highest number of legal votes"—be read as meaning "when he had not received as many votes as were given to some other person," a construction supported by section 1067 of the Political Code, the section is brought into harmony with section 1114 of the Code of Civil Procedure, the language of which latter section strongly indicates the intention of the legislature that an election shall not be set aside for either malconduct on the part of the judges or illegal votes, where the true result can

be and is with certainty ascertained by the trial court, unless it appears that another person than the one declared elected has in fact received a higher number of legal votes.

This much has been said in support of the construction already given to these sections by this court, for it is undoubtedly settled by the decisions that where the question on an election contest is as to whether the person declared elected did in fact receive the highest number of legal votes, the election will not, under our statutory provisions, be annulled, unless it appears that another person received a higher vote.

The precise question was presented in the case of *Snibley* v. *Palmtag*, 128 Cal. 283, where the only ground of contest specified in the statement was malconduct on the part of the boards of election, in that they had improperly counted the votes. Upon a recount, the trial court found that there was a tie vote, "Said Palmtag and said Snibley having received an equal and the highest number of votes cast for said office," and gave judgment annulling the election. This court, after discussing the statutory provisions, said: "Under these provisions it is obvious that the judgment annulling the election is unauthorized by the statute, or by the facts found. The judgment should have been that the contestant take nothing by the proceeding, and it be dismissed, and the cause is remanded, with directions that the superior court make such modification."

In *Smith* v. *Thomas*, 121 Cal. 533, where the trial court found that each candidate received the same number of legal votes, a judgment that plaintiff take nothing by his action was affirmed.

In *Soto* v. *Vannoy*, 65 Cal. 285, it was held that where it was determined that there was a tie vote, neither party could recover costs.

These cases are decisive of the case at bar.

The judgment is affirmed.

McFarland, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.

SHAW, J.—I concur solely because of the previous decisions. Were it an open question, I would be of a different opinion.

VAN DYKE, J., dissenting.—I dissent.   A person to be elected to an office must receive a plurality, or the highest number of votes, cast for such office; and where two or more persons receive an equal and the highest number of votes there is no choice, and a special election to fill such office must be ordered by the proper board or officer.   (Const., art. XX, sec. 13; Pol. Code, secs. 1066, 1067; Code Civ. Proc., sec. 1112.) In declaring the contestee elected when he did not receive the highest number of legal votes was such improper conduct on .the part of the judges of election as to avoid the election; and whenever this fact appears, either before the canvassing board or the court upon a contest, it should be so declared.   From the facts found by the court in this case, it should have been adjudged that there was no election.   This is a special proceeding in which the public is interested as well as the nominal parties, and no judgment therein should be rendered whereby a person found to be not elected is still retained in office.   *Snibley* v. *Palmtag,* 128 Cal. 283, seems to be the only case which is directly in line with the judgment of the lower court herein.   That was a Department opinion, and does not appear to be well considered.   For instance, it is said therein, referring to the code provisions, "Under these provisions, it is obvious that the judgment annulling the election is unauthorized by the statute, or by the facts found."   On the contrary, section 1125 of the Code of Civil Procedure says: "But if the election is annulled and set aside, judgment for costs must be rendered against the party whose election was contested, in favor of the party contesting the same."   This clearly recognizes the power of the court in a case where the facts warrant it, as in this case, to render a judgment annulling the election.