[Civ. No. 260.   Second Appellate District.—October 27, 1906.]

## JOHN MULBERRY et al., Respondents, v. M. F. O'DEA and TRYON-BRAIN COMPANY, Appellants.

STREET WORK—VROOMAN ACT—MODE OF ORDERING WORK—RESOLUTION—ORDINANCE.—A city council, in ordering street work to be done, under the authority of the Vrooman act, may do so by simple resolution, or by ordinance having the effect of a resolution, and equivalent thereto.

ID.—PREMATURE ORDINANCE—WANT OF JURISDICTION—NULLITY—VOID LIEN.—An ordinance directing the work to be done, which was passed before the expiration of the twenty days required to elapse after the completion of the period fixed for publication of the resolution of intention, is without jurisdiction, and is a nullity, and any claim of lien based thereon is void.

4 Cal. App.—25

Id.—Void Contract—Specifications Making Contractor Liable for Damages.—A provision in the specifications requiring the contractor to assume responsibility for all loss or damage arising from the nature of the work, or from any unforeseen obstruction or difficulties encountered in the prosecution of the same, or from the action of the elements, or from any encumbrances on the lines of the work, rendered the contract invalid.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Leslie R. Hewitt, for Appellants.

Lucius M. Fall, for Respondents.

JAMES, J. (*Pro tem*).—Plaintiffs are severally the owners of parcels of real property in the city of Los Angeles against which liens are claimed under certain proceedings taken by the city for the improvement of Temple street. Defendant Tryon-Brain Company, a corporation, was the contractor, and performed the work of laying cement sidewalks and building cement curbs along certain portions of said street. Upon completion of the work the rights of defendant company under their contract were assigned to defendant O'Dea. Certain irregularities in the proceedings taken by the city and alleged defects in the form of contract made with the Tryon-Brain Company formed the basis for this suit, by which it was sought to have it adjudged that the assessments made against the several pieces of property owned by plaintiffs to secure payment of the contract price for the doing of said work were void, and that no liens attached for the benefit of defendant contractor. A statement of facts was agreed upon in the lower court, and upon submission of the cause judgment was entered for plaintiffs and defendants have appealed.

The proceedings for the improvement of Temple street were taken under authority of the act of the legislature known commonly as the Vrooman act (Stats. 1885, p. 147), and acts amendatory thereof. Respondents contend that at the time the city council attempted to order the work to be done it had not acquired jurisdiction, because twenty days

had not expired after the publication by the street superintendent of a notice of the intention to have the work performed, when the council adopted an ordinance directing the work to be done. The Vrooman act provides that after the resolution of intention has been passed and adopted by the city council, the street superintendent shall "cause a notice similar in substance to be published for six days in one or more daily newspapers published and circulated in said city . . ." and that "at the expiration of twenty days after the expiration of the time of said publication by said street superintendent . . . the city council shall be deemed to have acquired jurisdiction to order any of the work to be done, or improvement to be made, which is authorized by this act." From the agreed statement of facts it appears that the street superintendent published the notice required of him to be published, in a daily newspaper for six days, commencing on April 9, 1903, and ending on April 15, 1903, one of the intervening days being Sunday. On May 4, 1903, the nineteenth day after the last day of publication of the notice by the street superintendent, the city council adopted an ordinance ordering the work to be done. This ordinance was signed by the mayor of the city on May 11, 1903, and published for two days thereafter, to wit, on May 13, and 14, 1903.

It is conceded by appellants that if the order made by ordinance providing for the doing of the work was complete on the fourth day of May, when the ordinance was adopted, that this order was a nullity and made without jurisdiction; but it is argued that the ordinance did not become final until after approval by the mayor and publication for two days; and that therefore the order so made should be deemed to have been made as of the date when the ordinance was signed by the mayor or published. There is probably no doubt that the city council in directing street work to be done under authority of the act here under discussion, might do so by simple resolution; in fact, it has been so held in the cases of *Los Angeles* v. *Waldron,* 65 Cal. 285, [3 Pac. 890], and *Hellman* v. *Shoulters,* 114 Cal. 157, [44 Pac. 921, 45 Pac. 1057]. In the case last cited the supreme court said: "An ordinance is also a resolution, or at least so far as this statute is concerned, they are equivalent. The street law provides a complete scheme or procedure for street work, and so far as it

goes governs. The charter cannot make a different procedure by requiring more or less. Otherwise there would not be a uniform operation of the law for all cities of a class. As to publication, the street law expressly provides that no other shall be necessary for the validity of the procedure. The ordinance in this regard is in the form suited to the charter of Los Angeles, and provides that the clerk shall cause the same to be published for two days, and that thereupon it shall take effect. Counsel says this publication was before it took effect, and the publication required by the street law is after it has become a valid resolution. . . . Under either view the resolution is finally passed before publication. Whether we say it is a subsisting ordinance, though it can have no effect as an ordinance, or that it takes effect only after publication, when for the first time it be operative as an ordinance, is a matter of taste.''

The city council here adopted the ordinance ordering the work to be done on the nineteenth day after the expiration of the last day of publication of the street superintendent's notice. The order of the council was complete upon the adoption of the ordinance; there was nothing left to be done by that body respecting its order after adoption of the ordinance by vote taken and recorded. But the council had acquired no jurisdiction to take any step essential to the validity of an order directing the work to be done until the full term of twenty days had run. If its order made on the nineteenth day was valid, as well might it then have adopted the ordinance on the first, third or any other day after the termination of the period of publication of the street superintendent's notice. It appears clearly that the ordinance of May 4, 1903, directing the work of improvement to be done, was prematurely adopted, without jurisdiction, and was ineffective and void for any purpose. The subsequent proceedings taken, therefore, failed to give any support to defendants' claim to rights of lien against the property of plaintiffs.

The further contention of respondents, that the provision in the specifications obligating appellants to assume responsibility for loss by reason of damages which might accrue rendered the contract invalid, should also be sustained. The contract executed between the city and appellants contained a

provision that the work should be done according to "specifications on file in the office of the city clerk of said city which are known as specifications No. 54 and 55, and made part of this contract." Incorporated in these specifications was the following condition: "All loss or damage arising from the nature of the work to be done under this agreement or from any unforeseen obstruction or difficulties which may be encountered in the prosecution of the same, or from the action of the elements, or from any encumbrances on the lines of the work, or for any act or omission on the part of the contractor, or any person or agent employed by him, not authorized by this agreement, shall be sustained by the contractor." This condition became a part of the contract. A provision similar to this was held in the case of *Blochman* v. *Spreckels,* 135 Cal. 664, [67 Pac. 1061], to render the contract void, because it added a term not authorized by statute, and also because it changed and might increase the burden of the taxpayer. In the Blochman case it was said by the court: "No one can say that a contractor would agree to stand behind the city and hold it harmless from damage arising out of the work he had undertaken to do without some compensation additional to the necessary cost of the material and labor to him, plus a reasonable profit. . . . The law does not authorize a municipality to escape its liability by shifting it to the shoulders of the contractor, and in attempting to do so it imposed conditions that would naturally tend to increase the cost of the work." (See, also, the cases of *Brown* v. *Jenks,* 98 Cal. 10, [32 Pac. 701]; *Alameda Macadamizing Co.* v. *Pringle,* 130 Cal. 226, [80 Am. St. Rep. 124, 62 Pac. 394].)

Other minor points are argued in the briefs of counsel, but as those discussed are determinative of this appeal, it will be unnecessary to consider them.

The judgment appealed from is affirmed.

Gray, P. J., concurred.

ALLEN, J.—I concur in the judgment upon the ground first stated in the opinion.