T. Jensen & Bros., and in order to avoid a double payment this writ of error was sued out.''·

It is clear that the title to the eggs at the time they were damaged was in the consignor, Jensen & Bros.; and not in the plaintiff. The consignor at that time had not parted with its title to the eggs. It had neither paid the draft attached to the bill of lading nor obtained possession of the bill of lading. These were essential conditions to be performed by plaintiff in order to vest it with title to the eggs. The fact that subsequently plaintiff purchased the eggs of the consignor on different terms had no retroactive effect, neither did such subsequent purchase operate to change the title to the eggs at the time they were damaged from the consignor to plaintiff. The right to recover damages for the negligent carrying of the eggs was a chose in action. This right neither by the pleadings nor proof was shown to have been shifted from the consignor to the plaintiff, although plaintiff proceeds upon the theory that at the time of the damage it was the consignee of the eggs. Therefore plaintiff has no right of action against defendant for its negligent carrying of the eggs.

The $70.53 which defendant requests this court to adjudge to plaintiff not being in this case, we are without jurisdiction to so order.

As plaintiff has no cause of action for damages resulting from the negligent carriage of the eggs in suit, the judgment of the Municipal Court is reversed.

*Reversed.*

Albert A. Newman, Appellee, v. Newman Clock Company, Appellant.

Gen. No. 20,950.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed. Opinion filed November 16, 1915.

## Statement of the Case.

Action by Albert A. Newman, plaintiff, against the Newman Clock Company, defendant, in the Municipal Court of Chicago, to recover instalments of salary claimed under a written contract. Evidence of a judgment obtained in a prior action brought to recover other instalments of salary under the same contract was admitted as an adjudication of the question of liability. Since the rendition of the judgment appealed from, such prior judgment has been reversed by the Supreme Court (268 Ill. 426, aff'g 191 Ill. App. 343), holding *as matter of law* that the acts of plaintiff shown by the record in that case amounted to a breach of the contract releasing defendant from liability thereon. From a judgment for plaintiff, defendant appeals.

AMOS W. MARSTON and WINSTON, PAYNE, STRAWN & SHAW, for appellant.

WEST & ECKHART, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1165*—*what is effect of confession of error.* A confession of error does not preclude the consideration of errors not confessed.

2. APPEAL AND ERROR, § 1783*—*when reversal without remand proper on confession of error.* Where, in an action to recover an instalment of salary, the appellee confessed error in the admission in evidence of a judgment in his favor for a prior instalment, which had since been reversed by the Supreme Court holding that defendant was not liable, the court, notwithstanding plaintiff's confession of error, may consider defendant's assignment of error based upon the refusal of the trial court to give a peremptory instruction, and since, under the undisputed facts, there could be no recovery, may reverse without remanding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.