[Civ. No. 2345.    Third Appellate District.—August 5, 1921.]

THE SAN JOAQUIN & KINGS RIVER CANAL & IRRI-
GATION COMPANY INCORPORATED (a Corpora-
tion), Appellant, v. JAMES J. STEVINSON (a Corpo-
ration), Respondent.

[1] Appeal — Right of Appellant to Dismissal — Appeal by Re-
spondent.—If an appellant sees fit to dismiss his appeal and be
bound by the judgment from which the appeal is taken, the re-
spondent should not be permitted to prolong the litigation by
securing a reversal upon the appellant's assignment of errors of
which the respondent has not complained. Where a respondent
has not appealed, he is not entitled to a reversal of the judgment
entailing, as it does, a new trial of the action; and where he
also has appealed, he must rely upon his own assignments of error.

APPEAL from a judgment of the Superior Court of
Mariposa County. J. J. Trabucco, Judge. Motion for re-
versal denied and appeal dismissed.

The facts are stated in the opinion of the court.

Edward F. Treadwell, J. J. Griffin, Forrest A. Cobb,
Gail C. Larkin and Joseph E. Sharp for Appellant.

James F. Peck, McWilliams & Hatfield and George J.
Hatfield for Respondent.

FINCH, P. J.—This is an action in eminent domain.
From the judgment rendered both the plaintiff and the
defendant James J. Stevinson, Incorporated, appealed. On
June 8, 1921, the plaintiff served on the said defendant, and
on the 11th of the same month filed herein, its confession
of error as follows: "Now comes respondent on the appeal
of James J. Stevinson (a Corporation), and confesses error
in said cause, and consents to a reversal of the judgment
therein on the appeal of the said James J. Stevinson (a
Corporation)." On June 22, 1921, the defendant filed
herein its motion for dismissal of its appeal, and on the
25th of that month it filed the following: "Comes now,
James J. Stevinson, a corporation, defendant in the above-
entitled action, and dismisses the appeal heretofore taken by

it.  And the clerk of the above-entitled court is hereby requested and instructed to enter this dismissal of record." The plaintiff contends that the judgment should be reversed, the defendant that the appeal should be dismissed.  No cause is shown why the defendant's motion should be denied, other than the right claimed by plaintiff to a reversal of the judgment on the defendant's appeal.  The only question then is whether the judgment should be reversed on the plaintiff's confession of error.

The confession is not of any particular error but only that there was "error in said cause."  In the defendant's appeal, no record has been brought up, so that it cannot be ascertained upon what errors reliance for reversal was placed.  In the cases cited by the plaintiff, where reversals were had upon confessions of error by the respondents therein, there appears to have been no objections made by the appellants to such reversals except in the case of *Newman* v. *Newman Clock Co.*, 195 Ill. App. 373.  In that case it was held that "a confession of error does not preclude the consideration of errors not confessed."  The rule there announced is in harmony with the holding in *Sun Ins. Co.* v. *White*, 118 Cal. 468, [50 Pac. 546].  In *Brown* v. *Jenks*, 98 Cal. 10, [32 Pac. 701], it is said: "Respondent confesses error in striking out the defense, and consents that the case be reversed on that ground.  He says the point made by defendant on the demurrer is radical and important, and will be argued when the case is again here, in such form as to require its determination.  The question as to the correctness of this ruling is properly presented on this appeal from the judgment, and the consent of respondent to a reversal on some other ground, which does not dispose of the demurrer, cannot deprive appellant of his right to have it determined."  The appealing party may be willing to waive the errors on which his appeal is based and, by a dismissal, to permit the judgment to stand as rendered, but if the judgment is to be reversed, he is entitled to have the errors assigned by him decided for the guidance of the court in the retrial of the case.  The fact that the plaintiff also has appealed from the judgment herein is foreign to the question under consideration.  **[1]**  If an appellant sees fit to dismiss his appeal and be bound by the judgment from which the appeal is taken, the respondent should not be

permitted to prolong the litigation by securing a reversal upon the appellant's assignment of errors of which the respondent has not complained. Where a respondent has not appealed, he is not entitled to a reversal of the judgment entailing, as it does, a new trial of the action. Where he also has appealed, he must rely upon his own assignment of errors.

The plaintiff's motion for a reversal of the judgment is denied and the defendant's motion to dismiss its appeal is granted and the said appeal is dismissed.

Hart, J., and Burnett, J., concurred.