[Civ. No. 5035.   First Appellate District, Division Two.—December 2, 1924.]

In the Matter of the Petition for a Writ of Mandamus Against the BOARD OF TRUSTEES OF THE CITY OF EL CERRITO.

[1] ELECTIONS — CITY   TRUSTEE — MANDAMUS — DETERMINATION   ON MERITS BY SUPERIOR COURT—JURISDICTION OF DISTRICT COURT OF APPEAL.—Where a petition for a writ of *mandamus* to compel city trustees to call a special election for the purpose of electing a city treasurer has been denied upon its merits by the superior court the matter is *res adjudicata* and the district court of appeal is without jurisdiction thereafter to entertain a similar petition in the matter.

[2] ID.—WHEN DISTRICT COURT OF APPEAL HAS JURISDICTION.—Where the petition for a writ of *mandamus* to compel city trustees to call a special election for the purpose of electing a city treasurer

---

1.   See 16 Cal. Jur. 849.

is not determined upon the merits by the superior court, the district court of appeal, under article VI, section 4, of the constitution, has jurisdiction to entertain a similar petition in the first instance.

[3] ID.—PENDENCY OF CONTEST PROCEEDING—ABSENCE OF FINAL JUDGMENT—PLEADING.—In a *mandamus* proceeding to compel city trustees to call a special election for the purpose of electing a city treasurer, where the petition alleges that in the contest proceeding arising after the election to fill such office the superior court "found" that the two candidates in question received an equal and highest number of votes, but it does not appear when such finding was made or whether any final judgment has been made and entered in the contest proceeding, a demurrer to such petition on the ground of failure to allege a final determination of the .contest proceeding will be sustained and a writ of *mandamus* denied.

(1) 34 C. J., p. 762, n. 25.  (2) 38 C. J., p. 928, n. 57.  (3) 38 C. J., p. 722, n. 83.

PROCEEDING in Mandamus to compel city trustees to call a special election for the election of a city treasurer. Writ denied.

The facts are stated in the opinion of the court.

Glickman & Glickman for Petitioner.

Pierce & Carlson and Calfee & Dunnell for Respondents.

NOURSE, J.—This is an original application for a writ of mandate to require the trustees of the city of El Cerrito to call a special election for the election of a city treasurer. The cause has been submitted on the demurrer of the board of trustees, who have voluntarily appeared as respondents, though they were not named as such in the petition. The grounds of the demurrer are, first, want of jurisdiction, and, second, failure of the petition to state sufficient facts.

The petition alleges that heretofore, but at a time not stated, the petitioner filed in the superior court in and for the county of Contra Costa a petition praying for a writ of mandate to compel the board of trustees of the city of El Cerrito to call a new election for the office of city treas-

3.  See 10 Cal. Jur. 163.

urer; that said petition was denied by the judge of the said
superior court, and the petitioner, therefore, applies to this
court for the same relief. A full copy of the former peti-
tion is then pleaded and the petition before us closes with
a prayer for the relief mentioned without further allegation
of facts. It appears from the copy of said petition that on
the fourteenth day of April, 1924, at an election duly held
in the city of El Cerrito, the petitioner, Mary E. Curtin,
and one Cora J. Simonson were candidates for the office of
city treasurer; that upon the canvassing of said election the
trustees, sitting as a canvassing board, reported that the
petitioner had received 216 votes and that Cora J. Simonson
had received 217 votes. The latter candidate having been
declared elected, this petitioner instituted proceedings in the
superior court to contest said election. It is then alleged
that in said proceeding the trial court found that the two
candidates each received an equal number and the highest
number of votes, to wit, 213 votes each. The petitioner then
alleges that by reason of said finding she made demand upon
the said board of trustees that they call a new election, but
that said demand was refused.     ·

[1]    (1) At the outset the trustees, to whom we will here-
after refer as the respondents, insist that this court is with-
out jurisdiction to entertain the petition because it appears
upon the face of the petition that a similar petition was
made to the superior court in the county of Contra Costa
and was denied by that court. If we could assume from the
allegations of the petition that this application was denied
by the superior court upon its merits, the demurrer of the
respondents upon this ground would have to be sustained
because the matter would be *res adjudicata* within the rule
of *Reilly* v. *Police Court*, 194 Cal. 375 [228 Pac. 860]. [2]
At the oral argument counsel for the respective parties ex-
plained the allegations of the petition to mean that the
petitioner merely presented the application to the judge of
the superior court and was informed by him that said
application would not be entertained or that if it were to
be set down for hearing it would be denied. For these
reasons we cannot assume that there was any determination
by the trial court upon the merits, and for this reason alone
the case differs from the facts appearing in the Reilly case.
Such being the case, this court has jurisdiction under the

power conferred in article VI, section 4, of the constitution to entertain the petition in the first instance.

[3]    (2) The second ground of the demurrer goes to the failure of the petition to allege a final determination of the contest proceeding.  In this respect it is alleged that as a result of the contest proceeding pending in the superior court it was *found* that the two candidates received an equal and highest number of votes.  If this finding had been carried into a final judgment we would have a decree declaring that the election resulted in a tie.  Then, and then only, would the question arise whether it became the legal duty of the respondents to call a special election to fill the office under the provisions of section 1067 of the Political Code.  There are cases holding that when it appears in a contest proceeding that the contestant and the contestee had each received the highest and an equal number of votes, the trial court must dismiss the proceeding.  (*Wright* v. *Ashton,* 143 Cal. 544 [77 Pac. 477].)  If the trial court had entered a final judgment the unsuccessful party would have had the right to appeal therefrom under the special provisions of the code relating to election contests.  From the allegations of the petition it does not appear when the finding of the trial court was made or whether a judgment of dismissal or any judgment was made or entered in the contest proceeding. It is apparent that if that proceeding is still pending it may terminate in a final adjudication favorable to the contestee.  In that event it would be a useless and idle act on the part of this court to order an election and thereby impose upon the community unnecessary expense and trouble.

For this reason the demurrer to the petition is sustained.

Writ denied.

Langdon, P. J., and Sturtevant, J., concurred.