[L. A. No. 25338. In Bank. May 5, 1959.]

ALVIN A. IMMEL et al., Appellants, v. RAY B. LANGLEY, Respondent.

Horton, Knox & Carter, Harry W. Horton, Reginald L. Knox and James H. Carter for Appellants.

Beard & Wien, J. William Beard and Henry Wien for Respondent.

GIBSON, C. J.—This case involves the propriety of a judgment dismissing an election contest after the court, upon a recount, found that two candidates for the office of county supervisor had each received the same number of votes.

At the primary election in June 1958 there were only two candidates for the office of member of the Board of Supervisors of Imperial County from the Fifth Supervisorial District, namely, J. B. Snyder, the incumbent, and Ray B. Langley, the contestee. When the votes were canvassed after the election, it appeared that Snyder had received 774 votes and Langley had received 788 votes. The duly appointed officers certified the result and declared that Langley was elected, and the county clerk issued him a certificate of election.

A statement of contest was filed under section 8511, subdivision (e), of the Elections Code, which provides: "Any elector of a county . . . may contest any election held therein, for any of the following causes: . . . (e) That the precinct board in conducting the election or in canvassing the returns, made errors sufficient to change the result of the election as to any person who has been declared elected." Upon a recount of the ballots before the court, it was found that Snyder and Langley had each received a total of 808 legal votes. Judgment was then entered that the contestors take nothing and that the proceedings be dismissed.

Section 2¾ of article II of the Constitution provides that "Any candidate for a . . . county . . . or other nonpartisan office who at a primary election shall receive votes on a majority of all the ballots cast for candidates for the office for which such candidate seeks nomination, shall be elected to such office. . . ." The section is self-executing, and its effect, where applicable, is to transmute the primary election into a general election as to the nonpartisan offices to which it relates. (*DeWoody* v. *Belding,* 210 Cal. 461, 463-464 [292 P. 265]; *Kerr* v. *Russell,* 209 Cal. 36, 38 [285 P. 311]; *McClintock* v. *Abel,* 21 Cal.App.2d 11, 14-16 [68 P.2d 273].) In order for a primary election to have the effect of a general election, however, the constitutional provision quoted above requires that a candidate for a nonpartisan office shall receive votes on a majority of all the ballots cast, and where, as here, there is a tie vote, the section does not operate to change the primary election into a general election. In this connection section 2745 of the Elections Code provides in effect that in case of a tie vote the names of all candidates at the primary receiving the same number of votes shall appear on the ballot at the general election. When it appeared on recount that there was a tie vote, the showing was "sufficient to change the result of the election" within the meaning of subdivision (e) of section 8511 of the Elections Code. Upon finding that there was a tie vote, the trial court should have held that the names of both candidates should have gone on the ballot at the general election in November.

The cases of *Wright* v. *Ashton,* 143 Cal. 544, 548 [77 P. 477], and *Snibley* v. *Palmtag,* 128 Cal. 283, 284 [60 P. 860], relied on by Langley, were decided before the adoption of section 2¾ of article II and involved the construction of statutes which differed materially from the constitutional provision. In those cases the contestor sought to unseat a rival candidate who had been declared elected, and it was held that the declaration could not properly be annulled upon the basis of a finding that a recount showed a tie vote. In reaching that result, the court construed statutory language to the effect that no irregularity would avoid an election unless it was such as to show that the person declared to be elected had not received "the highest number of legal votes," and it was held that since the vote was a tie, each candidate had received "the highest number of votes" and that therefore a contest would not lie. Obviously no such construction is possible under section 2¾ of

article II, which specifies that the person elected must receive a majority.

This proceeding was properly brought under section 8511 of the Elections Code, which enumerates the grounds for the contest of a general election, since it then appeared from the canvass of votes that Langley had been elected at the primary. The character of the suit did not change when the recount showed that neither of the candidates had received a majority vote, and the contestors were entitled to appeal under section 8575 of the Elections Code, which provides that a party aggrieved in a contest based on section 8511 may appeal from the judgment.

The judgment is reversed with directions to cancel and annul the certificate of election.

Shenk, J., Traynor, J., Schauer, J., Spence, J., McComb, J., and Peters, J., concurred.