[Civ. No. 18491.   First Dist., Div. One.   May 25, 1959.]

GEORGE F. KINCAID, Respondent, v. HENRY C. BERG, Appellant.

Wyckoff, Parker, Boyle & Pope for Appellant.

Rosendale, Thomas & Muller for Respondent.

HANSON, J. pro tem.*—This is an appeal from a judgment in an election contest which cancelled a certificate of election issued to the appellant by the Board of Supervisors of San Benito County and adjudged that neither the appellant nor the respondent had been elected at the primary election.

At the primary election in June 1958 there were only two candidates for the office of member of the Board of Supervisors of San Benito County from the Fourth Supervisorial District; they were appellant Berg and the respondent Kincaid. After a canvass of the votes, the board of supervisors concluded that Berg had been elected at the primary.   Thereafter respondent initiated this action to contest appellant Berg's election and requested a recount of all votes cast and that he, the respondent, be adjudged to have been elected to said office. All grounds of contest except the ground that illegal votes were cast were abandoned by respondent or stricken by the court.   Upon the trial of this action, the trial court found that two votes cast for appellant and one vote cast for respondent were illegal

*Assigned by Chairman of Judicial Council.

votes, reducing the number of votes cast for appellant to 203, and reducing the number of votes cast for respondent to 203. Accordingly, the trial court determined that the election resulted in a tie; that neither appellant nor respondent was elected at said election; and the court declared null and void the certificate of election issued to appellant.

Since the submission of the case to us for decision, the Supreme Court of this state on the fifth day of this month filed its opinion in the case of *Immel* v. *Langley*, 52 Cal.2d 104 [338 P.2d 385], which likewise involved a tie vote at the primary as determined by the trial court in that case. As that case is on all fours with the instant case its holding is binding upon us.

In that case, the Supreme Court on the facts, concluded that the trial court, having found that a tie vote resulted, should have ordered that the names of both candidates go on the ballot at the general election in November. Accordingly, the Supreme Court reversed the judgment dismissing the action with instructions to cancel and annul the certificate of election.

In the instant case the trial court cancelled the certificate of election and found and adjudged that neither candidate was elected. The judgment accords with the view expressed by the Supreme Court.

Judgment affirmed.

Bray, P. J., and Wood (Fred B.), J., concurred.