712

WILLIAM J. SMITH, Contestant and Respondent, v.
ERNEST J. POMBO, Defendant and Appellant.

Blewett, Blewett & Garretson and Rolla L. Garretson, Jr.,
for Defendant and Appellant.

Alfred Nelson for Contestant and Respondent.

CONLEY, P. J.—William J. Smith and Ernest J. Pombo
were the only candidates at an election held on Tuesday,
February 2, 1965, for director of division 2 of the West Side
Irrigation District in San Joaquin County, a rural area in the
vicinity of Tracy. Only 59 votes were cast and 11 of the
total were absentee ballots; on February 9, 1965, the final
returns were canvassed and the board of directors determined
that Pombo had received 32 votes as against Smith's 27 votes
and certified that Pombo was elected. On February 19, 1965,

Smith filed a statement of contest (Elec. Code, § 20021, subd. (d)) alleging that certain illegal votes were cast, and that if these votes were not allowed, Pombo's total vote would be reduced below the number of legal votes for contestant Smith.

Smith served a list of alleged illegal votes on counsel for Pombo, as required by section 20052 of the Elections Code; this list contained nine absentee ballots and three regular ballots; Pombo thereupon served a similar list on Smith challenging three absentee ballots and one regular ballot. The trial judge decided from the testimony that contestant Smith was correct in his challenge of eight of the absentee ballots, which had been counted previously in favor of Pombo; consequently, 24 remaining legal votes favored Pombo; the judge also decided that three of the votes cast for Smith were properly challenged, and, thus, Smith then also had 24 ballots in his favor; there being a tie vote, the court directed that the West Side Irrigation District election board must determine who was elected director by lot, as provided by section 20501 of the Elections Code.

Neither side challenges the judge's determination that certain specified ballots were illegal, or that each candidate received 24 ballots, so we are not concerned with those questions on this appeal. But appellant claims that when a tie vote results as here, the contest must be dismissed and the contestee declared elected, by reason of the provisions of section 20024 of the Elections Code, and that section 20501 of the code does not control.

 The judge filed a memorandum opinion stating that a hearing had been held and the ballots counted and examined in open court; the findings declared that the result of the election was a tie vote and the judge concluded that pursuant to section 20501 of the Elections Code the election board of the West Side Irrigation District must designate the successful candidate by lot.

We are convinced that the trial judge correctly interpreted the present law relative to what should be done when a tie vote is found in a contest for an office such as is involved here. The error of the appellant consists in relying upon the wording of section 20024 of the Elections Code which is restricted to a consideration of whether an election must be set aside or annulled in its entirety as the result of a contest, with a special election to follow. The code section provides that, unless the contestant in the final analysis receives more

legal votes than the contestee (in which event the election must be set aside), the contest should be dismissed and the contestee declared elected. But as noted more fully in this opinion, the Legislature, beginning in the year 1939, has provided a special remedy in the event of a tie vote, namely, a resort to lot; in the present case, the court did not contemplate setting aside the election and, it was correct in determining who would be the successful individual by lot.

At the present time, section 20024 of the Elections Code, upon which the appellant relies, states: "*An election shall not be set aside on account of illegal votes,* unless it appears that a number of illegal votes has been given to the person whose right to the office is contested or who has been certified as having tied for first place, which, if taken from him, would reduce the number of his legal votes below the number of votes given to some other person for the same office, after deducting therefrom the illegal votes which may be shown to have been given to that other person." (Italics added.)

This code provision was enacted in 1961; but it was derived in all essentials from former Elections Code section 8514 in 1939; and it stemmed from sections 1114 and 1124 of the Code of Civil Procedure which were enacted in 1907.

Before the legislative passage of the Elections Code sections, in the years 1939 and 1959, which, in our estimation, properly support the questioned conclusion of the trial judge, there were several decisions which approved the procedure provided by the predecessors of section 20024 of the Elections Code for refusing to set aside an election in the case of a tie. *Wright* v. *Ashton,* 143 Cal. 544, 547 [77 P. 477], decided in 1904, approved the prescribed method for not setting aside an election unless the contestant had more legal votes than the contestee, as then provided in section 1114 of the Code of Civil Procedure, which later became Elections Code section 8514, and still later Elections Code section 20024; the Supreme Court then accepted what appeared to be the clear legislative intent that an election should not be set aside for either malconduct of the election judges, or illegal votes, unless it appeared that a person other "than the one [previously] declared elected has in fact received a higher number of legal votes." This decision followed the holdings in prior cases: *Snibley* v. *Palmtag,* 128 Cal. 283 [60 P. 860]; *Smith* v. *Thomas,* 121 Cal. 533 [54 P. 71]; *Soto* v. *Vannoy,* 65 Cal. 285 [3 P. 895].

But in 1939, Political Code section 1067 became section 8701 of the Elections Code, and, as amended, it stated:

"If at any election, except that for Governor or Lieutenant Governor, two or more persons receive an equal and the highest number of votes for an office to be voted for in more than one county, the Secretary of State shall forthwith summon the candidates who have received the tie votes to appear before him at his office at the State capitol at a time to be designated by him. The Secretary of State shall at that time and place determine the tie by lot. *In the same manner, at a time and place designated by it, the election board shall determine a tie vote for candidates voted for wholly within one county.*" (Italics added.)

At that time, the decision of a tie vote by lot became the method to determine the elected official in a case such as the present instead of resort to a special election.

In 1959, section 8571 (now section 20111) of the Elections Code was amended to read that ". . . if the court finds a tie vote in a contest brought under this chapter, such certificate [of office] is annulled by the judgment."

Section 20111 is in the same chapter as section 20024 and it is reasonable to believe that the Legislature intended that section 20024 was to be read in connection with section 20111.

In 1959, section 8701 was further amended to add in the first sentence: "whether upon the canvass of the returns by the Secretary of State or upon recount by a court," and in the third sentence "whether upon canvass of the returns by the election board or upon a recount by court." And, of course, as stated above, in 1961 when the code sections were renumbered, the section as amended in 1959 was included in the Elections Code as section 20501.

The essential enactment is contained in chapter 820, pages 2838 and 2839 of the 1959 Statutes. That enactment reads in part as follows: "An act to amend Sections 8571 and 8701 of, and to add Sections 8571.5 and 8701.5 to the Elections Code, relating to election contests, and declaring the urgency thereof, to take effect immediately.

"[Approved by Governor June 5, 1959. Filed with Secretary of State June 5, 1959.]

"The people of the State of California do enact as follows:

"Section 1, Section 8571 of the Elections Code is amended to read:

"8571. If the clerk has issued any certificate for the same office to any other person than the one declared elected by the court, or if the court finds a tie vote in a contest brought under this chapter, such certificate is annulled by the judgment.

". . . . . . . . . . .

"Sec. 3. Section 8701 of the Elections Code is amended to read:

"8701. If at any election, except that for Governor or Lieutenant Governor, two or more persons receive an equal and the highest number of votes for an office to be voted for in more than one county, the Secretary of State shall forthwith summon the candidates who have received the tie votes, whether upon the canvass of the returns by the Secretary of State, or upon recount by a court, to appear before him at his office at the State Capitol at a time to be designated by him. The Secretary of State shall at that time and place determine the tie by lot. In the same manner, at a time and place designated by it, the election board shall determine a tie vote, whether upon canvass of the returns by the election board or upon a recount by court, for candidates voted for wholly within one county.

"Sec. 4. Section 8701.5 is added to said code, to read:

"8701.5. If the tie vote has been determined pursuant to Section 8701, the person declared elected by the Secretary of State or the election board is entitled to a certificate of election. The Secretary of State or the county clerk, whichever the case may be, shall immediately make out and deliver to that person a certificate of election.

"Sec. 5. This act is an urgency measure necessary for the immediate preservation of the public peace, health or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting such necessity are:

"Under existing law there is no procedure prescribed for determining an election contest involving the election of a member of a board of supervisors where the court determines that the candidates have received an equal number of votes. Due to the fact that there are now cases pending involving such a situation, it is essential that such a procedure be established at the earliest possible time. Since this act would establish the necessary procedure, it is essential that it go into immediate effect."

This enactment concludes the argument in favor of the

viewpoint of the trial judge. It is to be noted that the latest amendment of the law relative to procedure after a tie vote, which is not controlling here, because effective only on January 1, 1967, continues the method of resort to lot.[1]

The appellant urges discrimination between a case where there is a complete recount of all ballots and a case where there is a partial recount, arguing that only a partial recount of ballots took place here. At the trial, counsel for the contestant after stating that there was a total of less than 60 votes said that he did not propose to recount ballots with the exception of those specifically challenged. There was no objection made by any one that all ballots, including the good as well as the bad, were not to be counted a second time. From the record, it was obvious that Mr. Pombo was the recipient of improper absentee ballots cast in his favor; these challenged votes were examined; by counting the illegal, absentee ballots it could be determined that Mr. Pombo had not "won" the election; the fact that fewer than the 59 ballots cast were counted should not preclude the operation of section 20501.

The judge in his memorandum opinion stated that "the ballots [were] counted and examined in open court"; the trier of fact obviously thought this action constituted a "recount" as the word is used in section 20501; we share his opinion.

The judgment is affirmed.

Stone, J., and Gargano, J., concurred.

---

[1]Section 20573 of the Water Code, effective January 1, 1967, states that "Districts governed by this division [irrigation districts] are subject to the provisions of the Uniform District Election Law."

The newly enacted Uniform District Election Law is also operative January 1, 1967; it comprises part 3 of Division 12 of the Elections Code, with the title of Special and Local Elections. Section 23554 states in part:

"If a tie vote makes it impossible to determine which of two or more candidates has been elected, the governing body shall forthwith notify the candidates who have received the tie votes to appear before it either personally or by a representative at a time and place designated by the governing body. The governing body shall at that time and place determine the tie by lot and the results thereof shall be declared by the governing body. . . ."