[L. A. No. 989. Department Two.—February 28, 1902.]

## I. GOLDTREE, Appellant, v. JOHN D. SPRECKELS, Respondent.

DISMISSAL—DEMURRER SUSTAINED WITHOUT AMENDMENT—TRIAL OF CAUSE.—The trial by the court of an issue of law, upon demurrer to the complaint, without leave to amend, is a trial of the cause which involves a judgment of dismissal, and precludes the right of the plaintiff to dismiss the action before trial, under section 581 of the Code of Civil Procedure. The clerk has no authority to enter a dismissal in such case upon the plaintiff's order, and the court may set such dismissal aside.

ID.—DEMURRER IMPROPERLY SUSTAINED—ACTION TO ENJOIN DEED UNDER STREET BOND—INVALID ASSESSMENT.—*Held,* under the authority of *Blochman* v. *Spreckels, ante,* p. 662, that a demurrer was properly sustained to a complaint to restrain the defendant from obtaining a deed to plaintiff's lots under a sale upon a street bond for an illegal assessment upon the lots under a void contract, which assumed to shift the liability of the city upon the contractor.

APPEAL from a judgment of the Superior Court of San Diego County and from an order setting aside a dismissal by the clerk upon plaintiff's order. E. S. Torrance, Judge.

The facts are stated in the opinion.

L. L. Boone, and Oscar A. Trippett, for Appellant.

Titus & Shaw, for Respondent.

CHIPMAN, C.—Plaintiff's complaint contains three alleged causes of action. In the first two plaintiff prays that defendant be restrained from obtaining a deed, following the sale of certain lots situated in San Diego, for non-payment of interest on certain bonds issued to the contractor for street work, under the Street Improvement Act. The third cause of action is to quiet plaintiff's title against any interest or claim of defendant to the property. The amended complaint was filed December 22, 1899. A general demurrer to each cause of action was interposed on December 26, 1899, and on February 24, 1900, the demurrer was argued and submitted to the court for decision, was sustained as to the first two causes of action and overruled as to the third, and, on application of defendant, leave was granted him to answer the third cause of action. No leave was asked by plaintiff, and no order was made allowing plaintiff to amend the complaint as to the first two causes of action. On March 6, 1900, defendant filed his answer to the third cause of action, but sought no affirmative relief. The cause came on for trial May 16, 1900, "on the issues of fact joined by the answer of defendant to the third cause of action," and plaintiff's motion for a continuance was denied. Thereupon plaintiff's counsel announced "in open court that the plaintiff will take a dismissal of this action," to which defendant's attorneys objected, and the court ruled that "the plaintiff is not entitled to dismiss the action as to the first two alleged causes of action stated in the amended complaint, for the reason that a trial has been heretofore had by the court, by sustaining the demurrer to each of said two alleged causes of action, on the ground that neither of them stated facts sufficient to constitute a cause of action." After the court had announced its decision, and on the same day, plaintiff's attorneys filed a written request to the clerk to dismiss the action, and the clerk immediately entered an order of dismissal. Plaintiff's attorneys the same day came into court and called its attention to the entry of the clerk, and again moved a dismissal of the action. Whereupon the court ordered that the entry of dismissal by the clerk be set aside and canceled, on the sole ground that the clerk had no authority to make the entry. Plaintiff's counsel then moved to dismiss the third cause of action, without prejudice to the right of plaintiff concerning the proceedings theretofore had (referring

specifically to the aforesaid rulings of the court as to the first two causes of action), and the court granted the motion and dismissed the third cause of action. Thereupon defendant's attorneys moved for judgment in defendant's favor on the first two alleged causes of action, which motion the court granted. The judgment was dated May 16, 1900, and was entered May 22, 1900. It recites the foregoing facts, and adjudges that plaintiff recover nothing on the first and second causes of action, and that plaintiff is not entitled to any relief on either of said causes of action, and also adjudges the dismissal of the third cause of action. Plaintiff appeals from the order canceling the entry of dismissal by the clerk, and he also appeals from the judgment on the demurrer.

Section 581 of the Code of Civil Procedure provides as follows: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: 1. By the plaintiff himself, *by written request to the clerk, filed among the papers in the case,* at any time before trial, upon payment of costs; provided a counterclaim has not been made, or affirmative relief sought by the cross-complaint or answer of the defendant." Section 148 of the Practice Act was substantially the same as section 581 of the Code of Civil Procedure, except by statute of March 9, 1897, (Stats. 1897, p. 98,) the words in italics were added to the section. In *Hancock Ditch Co.* v. *Bradford,* 13 Cal. 637, the parties had gone to trial and the testimony for plaintiff and defendants had closed, but we infer that the case had not yet been submitted. There was no counterclaim made by defendants. It was held that, under section 148 of the Practice Act, "by 'trial' here is meant the determination or finding in the case. . . . At common law, the right of the plaintiff was to take a nonsuit at any time before the jury retired, and we do not construe the statute as altering the rule." The court ordered the nonsuit to be entered. In *Brown* v. *Harter,* 18 Cal. 76, the court said, in explaining some possible obscurity in the opinion in *Hancock Ditch Co.* v. *Bradford,* 13 Cal. 637: "The Practice Act does not give an arbitrary right to become nonsuit after the case has been finally submitted to the jury, *though it exists at any time before such final submission and their retirement.*" The case had been submitted to the jury, and they had retired to con-

sider of their verdict. The jury returned for further instruc-
tions, which having been given the jury again retired, and,
being unable to agree, came into court, when the court, of its
own motion, instructed them to find for the defendant, plain-
tiff excepting, and demanding permission to become non-
suited, and that the same be entered before the jury again
retired. This permission was denied, and the jury was
instructed to find for defendant, which was accordingly done,
plaintiff excepting. The order was sustained here. In
*Heinlin* v. *Castro,* 22 Cal. 100, the case had been tried, sub-
mitted, and taken under advisement by the court, and it was
held that plaintiff had no right to dismiss the action.

The Code of Civil Procedure declares that issues arise on
the pleadings, and are of two kinds,—namely, of law and of
fact. (Code Civ. Proc., sec. 588.) "An issue of law must
be tried by the court, unless it is referred by consent." (Code
Civ. Proc., sec. 591.)

In *Tregambo* v. *Comanche etc. Mining Co.,* 57 Cal. 501, the
court said: "A trial is the examination before a competent
tribunal, according to the law of the land, of the facts or law
put in issue in a cause for the purpose of determining such
issue. When the court hears and determines any issue of
fact or of law, for the purpose of determining the rights of
the parties, it may be considered a trial." In that case the
issue presented was on the application to set aside the default
entered against the defendant and allow it to answer, and
this motion was made before the trial on the merits. The
point decided was that it was a "trial" within the meaning
of the word as used in section 650 of the Code of Civil Pro-
cedure.

So it was held in *Finn* v. *Spagnoli,* 67 Cal. 330,—that the
hearing and disposition of a motion for a new trial is a trial.

A statute of the United States providing for the removal
of causes required the filing of the petition to be "at or before
the term at which said cause could be first tried, and before the
trial thereof." What was meant by the term "trial," used
in this statute, was decided in *Alley* v. *Nott,* 111 U. S. 472,
opinion by Chief Justice Waite. The suit was begun in the
supreme court of New York. Demurrers to the complaint
were interposed on the ground "that it did not state facts
sufficient to constitute a cause of action." The issues of law

raised by the demurrers were brought to trial, and the court overruled the demurrers, with leave to defendants to amend and in default of doing so judgment was to be entered for plaintiffs. Notice of appeal was served, and stay of execution on the interlocutory judgment was moved, and further time to answer given. Finally, the appeals were withdrawn, and also the demurrers, answers filed, and a petition was filed for the removal of the suit to the circuit court of the United States for the southern district of New York. The circuit court, on motion, made an order remanding the cause, and the appeal to the United States supreme court was from this order, where it was held that the petition was not in time. Various sections of the New York Code of Civil Procedure are cited,—as to what are issues, how an issue of law arises, that upon a decision of a demurrer the court may, in its discretion, allow the party in fault to plead anew or amend, that an issue of law must be tried by the court, that after joinder of issue either party may serve a notice for a trial,—all of which are similar to the provisions of our code. The learned chief justice then says: "A demurrer to a complaint that it does not state facts sufficient to constitute a cause of action, is equivalent to a general demurrer to a declaration at common law, and raises an issue which, when tried, will finally dispose of the case as stated in the complaint on its merits, unless leave to amend or plead over is granted. The trial of such an issue is the trial of the cause as a cause, and not the settlement of a mere matter of form in proceeding. There can be no other trial except at the discretion of the court, and if final judgment is entered on the demurrer, it will be a final determination of the rights of the parties, which can be pleaded in bar to any other suit for the same cause of action. Under such circumstances, the trial of an issue raised by a demurrer which involves the merits of the action is, in our opinion, a trial of the action within the meaning of the act of March 3, 1875." The language of the act is "at or before the term at which said cause could be first tried, *and before the trial thereof.*" The language of our code is "at any time before trial." There is no perceivable difference between the two acts. We cannot see why it is not true, as was said in *Tregambo* v. *Comanche etc. Mining Co.,* 57 Cal. 501, that "when a court hears and determines any issue of . . . law

for the purpose of determining the rights of the parties, it may be considered a trial''; and a general demurrer, challenging the sufficiency of the facts, goes directly to the determination of the rights of the parties and all rights involved in the complaint.

In *Beaumont* v. *Herrick,* 24 Ohio St. 446, the question arose under section 372 of the Ohio Code of Civil Procedure, which reads as follows: "An action may be dismissed without prejudice to a future action,—1. By the plaintiff, before the final submission of the case to the jury or to the court, where the trial is by the court." The demurrer was for want of sufficient facts and the court said: "The submission of the case on the demurrer was a final submission of the case within the meaning of section 372 of the code, unless leave was obtained to reply or amend. Without additional pleading, the legal consequence of the overruling of the demurrer was a judgment of dismissal."

Under a code provision the same as that in the Ohio code the question came before the Nebraska supreme court in *State* v. *Scott,* 22 Neb. 628. A general demurrer had been argued and submitted in the lower court on July 6, 1887, and a decision agreed upon, the docket entry being "July 6, writ denied." The court thereupon adjourned until September 20, 1887. On September 2, 1887, the relators attempted to dismiss the action by filing a voluntary dismissal. The attorney-general objected and asked that the attempt to dismiss be disregarded, and that judgment be rendered. The court cited *Beaumont* v. *Herrick,* 24 Ohio St. 446, stating that the Nebraska and Ohio codes were identical, and quoted the paragraph found above. Other cases were also cited to the same effect, the court continuing: "No case has been cited where under a statute like ours a plaintiff as a matter of right can dismiss his action after it has been submitted to the court. If he could do so, litigation would become interminable, because a party who was led to suppose a decision would be adverse to him could prevent such decision and begin anew, thus subjecting the defendant to annoying and continuous litigation. The statute, therefore, limits the right of the plaintiff to dismiss to the final submission of the case. In the case under consideration the relators had set forth all the facts upon which they relied for the writ, and the case was finally submitted to the court, which determined that the

facts were not sufficient to entitle relators to the relief prayed for. The motion to dismiss, therefore, was unavailing, and the judgment rendered July 6th denying the writ will now be entered of record." The demurrer was then considered and sustained. The same view is expressed in *Scherff* v. *Missouri Pacific Ry. Co.*, 81 Tex. 471.[1] The court said: "When a general demurrer to a petition is sustained, and the plaintiff declines to amend, he practically confesses that he has alleged in his pleading every fact he is prepared to prove in support of his action. Therefore, in such a case, nothing remains to be done except to render judgment for the defendant. Since the defendant by his demurrer has admitted all the facts of the plaintiff's case, we see no reason why the judgment should not be regarded as a conclusive determination of the litigation on its merits. So, also, if the plaintiff takes leave to amend, but fails to do so, and judgment is rendered against him for that reason, it is as if he had declined to amend in the first instance. But, when he takes leave to amend, he virtually asserts that he has not set up his whole case in his petition; and, although the judgment is that his petition does not show a cause of action, yet the leave to amend takes from the judgment that quality of finality which is necessary to make it an estoppel, and thus 'sets the matter at large.' " This seems to us to be a correct statement of the law as applied to our code (sec. 581, *supra*).

In *Hancock Ditch Co.* v. *Bradford*, 13 Cal. 637, we have only a general meaning given to the word "trial," which must be read in connection with the facts of that case, and so of the other cases cited by appellant. In none of the California cases coming under our observation has the precise question been decided, which is sufficient apology for having gone into the matter at some length. In our opinion the subdivision of the section 581 of the Code of Civil Procedure in question cannot be restricted in its meaning to trials of the merits after answer, for there may be such a trial on a general demurrer to the complaint as will effectually dispose of the case where the plaintiff has properly alleged all the facts which constitute his cause of action. If the demurrer is sustained, he stands on his pleading and submits to judgment on the demurrer, and, if not satisfied, has his remedy by appeal. In such a case, we think, there would be a trial within the

---

[1] 26 Am. St. Rep. 828.

meaning of the code, and the judgment would cut off the right of dismissal, unless it was first set aside or leave given to amend.

The clerk had no authority, therefore, to enter the dismissal, and being void the court rightly set it aside.

2.  But appellant insists that the demurrer was improperly sustained, and, as he appeals from the judgment in favor of defendant, the question of the sufficiency of the complaint is before us.

We are unable to discover any difference between the facts on which the right of action depends as alleged in this case and the facts alleged in *Blochman* v. *Spreckels, ante,* p. 662, this day decided.  The lots here in question front on Orange Avenue, as in the other case, and the improvement of the street is the same and under the same ordinance and resolution of intention as in *Blochman* v. *Spreckels*.  Respondent does not attack the sufficiency of the complaint in his brief; his argument is addressed exclusively to the regularity of the proceedings which is contested by the issues raised by the pleadings.  The demurrer admits that the clause in the ordinance which, in the Blochman case, was held to render the assessment void is also found in the ordinance which in part constituted the specifications in this case.  The two cases must stand or fall together.

Each of the first two counts of the complaint stated a cause of action, and the demurrer should have been overruled.

The order canceling the entry of dismissal by the clerk should be affirmed, and the judgment in favor of defendant on the demurrer should be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order canceling the entry of dismissal by the clerk is affirmed and the judgment in favor of defendant on the demurrer is reversed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied. .

Beatty, C. J., dissented from the order denying a hearing in Bank.