[L. A. No. 931. Department One.—February 28, 1902.]

## M. BLOCHMAN, Respondent, v. JOHN D. SPRECKELS, Appellant.

STREET ASSESSMENT—SALE UNDER BOND—INJUNCTION—FINDINGS—APPEAL.—In an action to restrain the defendant from applying for a deed as purchaser at a sale for non-payment of interest on a bond issued to a contractor, to represent an assessment upon plaintiff's lots for street work, if the findings show alleged defects in the proceedings sufficient to support the judgment for the plaintiff, the failure to find upon other alleged defects which, if found for the defendant, could not entitle him to a judgment, is immaterial, and is not ground for reversal upon his appeal.

ID.—VOID CONTRACT—DAMAGE BORNE BY CONTRACTOR.—A contract for street work, providing that "all loss or damage arising from the nature of the work to be done under these specifications shall be sustained by the contractor," looks to damage which might arise

out of the completed work, and subsequent thereto, for which the city would be liable, and is void. The law does not authorize the municipality to escape its liability by shifting it to the shoulders of the contractor, and in attempting to do so, it imposed conditions naturally tending to increase the cost of the work.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion.

Titus & Shaw, for Appellant.

Oscar A. Trippett, and L. L. Boone, for Respondent.

CHIPMAN, C.—Defendant became the purchaser of certain lots belonging to plaintiff in the city of Coronado, at a sale for non-payment of interest on a bond issued to a contractor to represent the assessment against plaintiff's said lots for street work. The action is to restrain defendant from applying for a deed and to quiet plaintiff's title, as against said sale. Plaintiff had judgment, from which and from the order denying his motion for a new trial defendant appeals.

The controversy grows out of the improvement of Orange Avenue in said city, which improvement was made under the Street Improvement Act of March 18, 1885, as amended in 1891, (Stats. 1891, p. 116).

Appellant contends that there are no sufficient findings upon certain issues,—namely: 1. That no plans or specifications for said work were ever adopted; 2. That no bond was ever given by the contractors for the performance of their contract; and 3. That Orange Avenue has never been dedicated or accepted as a public highway. The court found that no plans for doing the work were ever adopted by the board prior to the passage of ordinance No. 39, and that it never adopted any specifications other than such as are contained in said ordinance, and in the resolution of intention and the resolution ordering the work; and that no plans for doing said work were ever adopted by the board after the passage of said ordinance No. 39. The ordinance is set out in its entirety; the resolution of intention is fully set

forth elsewhere in the findings, and the pleadings admit that there was a resolution ordering the work. As to the bond, the finding is, that "a bond purporting to be given as and for a bond for doing said work, by said contractors, for the performance of said contract, is in the words and figures following: [then follows the bond]; that no other or different bond was ever given for said purpose." As to the dedication of Orange Avenue, the findings set forth all the facts connected with the attempted dedication, which included the map filed by the Coronado Beach Company, owners of the land over which the avenue ran; also a deed of dedication, duly recorded, with certain reservations. The rule is, that if all material issues are not found upon, a reversal will not be ordered, unless the findings on those issues in favor of appellant would entitle him to a judgment. (*Morrison* v. *Stone*, 103 Cal. 94; *Gould* v. *Adams*, 108 Cal. 365.) If any one of the alleged defects in the proceedings is sufficient to support the judgment, the failure to find upon others is immaterial, and not ground for reversal. (*Adams* v. *Helbing*, 107 Cal. 298.) We think, however, that the probative facts are found from which the ultimate facts may be inferred or conclusions of law may be drawn.

In his complaint plaintiff sets forth several objections going to the validity of the assessment, some of which present important questions. The view we feel constrained to take on one of these objections renders it unnecessary to pass upon the others. The ordinance which authorized the work, and which became a part of the contract, inasmuch as the specifications adopted are to be there found, contained the following provisions: "The contractor shall keep good and sufficient guards around said improvements, by fence or otherwise, to prevent accident, and shall hang thereon lights, to burn from dusk until daylight; and the contractor shall hold the city harmless for any and all suits for damages arising out of the construction of said improvements. The contractor shall, when required to do so by the superintendent of streets, remove from the work any overseer, laborer, or other person, who shall refuse or neglect to obey the said superintendent in anything relating to the work, or who shall perform his work in a manner contrary to these specifications or be found incompetent or unfaithful. *All loss or damage*

*arising from the nature of the work to be done under these specifications shall be sustained by the contractor."* It may be that a fair construction of these provisions, except as to those in italics, would warrant our holding them to relate to damage during the progress of the work and before the city had accepted it; that the city was to be held harmless merely as to damages resulting from negligence or carelessness of the contractor in prosecuting the work, which it was his duty and within his power to avoid. But as to the clause in italics, it seems to us the purpose had a broader meaning and looked to damage which might arise out of and subsequent to the completed work—practically any damage for which the city would be liable which might originate in "the nature of the work to be done." The reasoning in *Brown* v. *Jenks,* 98 Cal. 10, and *Alameda Macadamizing Co.* v. *Pringle,* 130 Cal. 226,[1] seems to apply with equal force here. The contractor in the first of these cases was to keep the street in repair for five years, and in the second case cited he was to guarantee the work for one year "from injury by ordinary use." The point decided was, that the provision was not only unauthorized by the statute, but that it changed and might increase the burden of the property-owner, for the reason that the contractor could not afford to do the work in the one case or give the guarantee in the other for nothing. "The contractor," it was said, "would charge a higher price for the work when he was forced to contract also for repairs." No one can say that a contractor would agree to stand behind the city and hold it harmless from damage arising out of the work he had undertaken to do, without some compensation additional to the necessary cost of the material and labor to him, plus a reasonable profit. In thus agreeing he might subject himself to liabilities much greater than the cost of protecting the work for one year "from injury by ordinary use," or greater even than the cost of keeping "the street in repair for the period of five years." It was said in *Brown* v. *Jenks,* 98 Cal. 10: "Officers are provided and vested with the power and charged with the duty of seeing that such work is properly done. A bond cannot be substituted for the performance of this duty." The law does not authorize a municipality to escape its liability by shifting it to

[1] 80 Am. St. Rep. 124.

the shoulders of the contractor, and in attempting to do so it imposed conditions that would naturally tend to increase the cost of the work.

The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.