[L. A. No. 1770. In Bank.—October 22, 1907.]

WILLIAM VAN LOENEN et al., Respondents, v. FRANK GILLESPIE et al., Appellants.

STREET ASSESSMENT—PROVISIONS IN SPECIFICATIONS INCREASING BUR-DEN ON PROPERTY-OWNER.—A provision in a city ordinance, referred to and made part of the specifications for proposed street work, that " *all loss or damage arising from the nature of the work to be done under this agreement,* or from any unforeseen obstructions or diffi-culties which may be encountered in the prosecution of the same, or from the action of the elements, or from any encumbrances on the lines of the work, or from any act or omission upon the part of the contractor, or any person or agent employed by him, not authorized by this agreement, *shall be sustained by the contractor,*" is unauthor-ized by statute and renders void an assessment for such work.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion rendered in Department Two.

Albert J. Sherer, and J. Wiseman Macdonald, for Ap-pellants.

O. B. Carter, for Respondents.

THE COURT.—It is ordered that the opinion heretofore rendered by this court in Department Two in this case is adopted as the opinion by the court in Bank, and judgment affirmed accordingly.

Shaw, J., and Lorigan, J., dissented for the reasons stated in the dissenting opinion in *Woollacott* v. *Meekins,* 151 Cal. 701, heretofore denied by the court in Bank:—

The following is the opinion of Department Two, rendered on the fourth day of April, 1907, and adopted by the court in Bank:—

HENSHAW, J.—In this action brought by plaintiffs to set aside assessments on their property made by the street super-

intendent in proceedings under the street law, plaintiffs had judgment and defendants appeal.

Certain ordinances of the city of Los Angeles became incorporated as "Specifications" in the proposed work, in conformity with which specifications bids were ordered and the contract let. In particular, these specifications contained the following: "*All loss or damage arising from the nature of the work to be done under this agreement, or from any unforeseen obstruction or difficulties which may be encountered in the prosecution of the same, or from the action of the elements, or from any encumbrances on the lines of the work, or from any act or omission upon the part of the contractor, or any person or agent employed by him, not authorized by this agreement, shall be sustained by the contractor.*"

In *Blochman* v. *Spreckels,* 135 Cal. 662, [67 Pac. 1061], the specifications declare: "All loss or damage arising from the nature of the work to be done under these specifications shall be sustained by the contractor." In the case at bar it will be seen that the language is in meaning identical with that condemned in *Blochman* v. *Spreckels.* The added clauses tend in no way to modify this conclusion, or to relieve the difficulty. *Blochman* v. *Spreckels* was decided by one department of this court, and in the other department was decided the case of *Goldtree* v. *Spreckels,* 135 Cal. 666, [67 Pac. 1091], where the same conclusion was reached. It must be held, therefore, that the trial court was correct in its determination. Nor can it matter that the provision thus condemned is not, in strictness, a "specification," and would not be construed to be a "specification" by an architect or builder. It is as much a specification as that condemned in *Brown* v. *Jenks.* 98 Cal. 10, [32 Pac. 701], where the requirement was that the contractor should give a bond "for keeping the street so improved in thorough repair for the term of five years from the completion of the contract." Whether or not the language is, in strictness, a specification, it is certainly a binding term and condition of the contract.

The judgment appealed from is therefore affirmed.