## HATCH v. NEVILLS et al.

### L. A. No. 1756; October 22, 1907.

95 Pac. 43

**Street Improvements — Validity of Contract.**—A contract for street improvements providing that all loss or damage arising from the nature of the work to be done under the agreement, or from any unforeseen obstruction or difficulties which may be encountered in the prosecution of the work, etc., shall be sustained by the contractor, is void as tending to increase the cost of the work, and is therefore insufficient to support an assessment for work done thereunder.[1]

APPEAL from Superior Court, Los Angeles County; N. P. Conrey, Judge.

Action by P. E. Hatch against William A. Nevills and others. Judgment for defendants and plaintiff appeals. Affirmed.

E. C. Denio and A. B. McCutchen for appellant; R. W. Kemp for respondents, O. B. Carter amicus curiae.

SLOSS, J.—The plaintiff appeals from a judgment entered in favor of defendants in an action to foreclose a street assessment lien for work done in the city of San Pedro.

The various proceedings of the city board of trustees leading up to the contract itself provided that the work should be done in accordance with certain specifications on file in the office of the city clerk. These specifications included the following clause: *"All loss or damage arising from the nature of the work to be done under this agreement,* or from any unforeseen obstruction or difficulties which may be encountered in the prosecution of the same, or from the action of the elements, or from encumbrances on the lines of the work, or from any act or omission on the part of the contractor, or any person or agent employed by him, not authorized by this agreement, *shall be sustained by the contractor."* In the case of Blochman v. Spreckels, 135 Cal. 662, 57 L. R. A. 213, 67

---

1 Cited, in Gay v. Engebretson, 158 Cal. 23, 139 Am. St. Rep. 67, 109 Pac. 877, on the question of the contractor holding the municipality harmless from suits by individuals growing out of the contractor's neglect to keep lights about the work during the night-time.

Pac. 1061, this court held that there could be no valid assessment for street work done under a contract which referred to and included specifications containing the following language: "All loss or damage arising from the nature of the work to be done under these specifications shall be sustained by the contractor." The italicized portion of the provision which we have quoted from the specifications in the present case is substantially the same as the clause considered in Blochman v. Spreckels, and, on the authority of that case, the contract and assessment here sued upon must be held to be invalid. It is unnecessary to consider any other point made by the respondents.

The judgment is affirmed.

We concur: Angellotti, J.; Henshaw, J.; McFarland, J.

We dissent, for the reasons given in the dissenting opinion in Woollacott v. Meekins, 151 Cal. 701, 91 Pac. 615; Shaw, J.; Lorigan, J.