[Civ. No. 418.   Second Appellate District.—January 28, 1908.]

HUGH GLASSELL and ANDREW GLASSELL, Executors, etc., Respondents, v. M. F. O'DEA, W. H. WORKMAN, Treasurer of City of Los Angeles et al., Defendants; TRYON-BRAIN CO., Appellant.

STREET IMPROVEMENT—VOID CONTRACT—STREET BOND NOT ENFORCEABLE. Where the specifications for a street improvement, upon which the contract therefor is based, provide that all loss or damage arising from the nature of the work to be done under this agreement shall be sustained by the contractor, the contract is void, and a street improvement bond issued upon an assessment for the cost of the street work done under such contract is void, and cannot be enforced.

APPEAL from a judgment of the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Leslie R. Hewitt, for Appellant.

Lucius M. Fall, for Respondents.

TAGGART, J.—This is an action to quiet plaintiffs' title to a lot in block 1, town of Garvanza, in the city of Los Angeles, against the lien of a street improvement bond issued upon an assessment for the cost of street work done under the "Vrooman Act."

From a judgment in favor of plaintiffs declaring such bond void, the defendant Tryon-Brain Company, the holder of the bond, appeals.

From the resolution of intention to the contract for the street work upon which the bond is based, reference is made in all steps of the proceedings to certain specifications on file in the office of the city clerk.   These specifications are the same as those considered by the supreme court in the opinion rendered in *Woollacott* v. *Meekin*, 151 Cal. 701, [91 Pac. 612], being general specifications Nos. 68, 54, 52, 55 and 51 used by the engineer's office of the city of Los An-

geles. The provision therein that "all loss or damage aris-
ing from the nature of the work to be done under this agree-
ment, . . . shall be sustained by the contractor," was held
to render void an assessment resting upon such specifications.

A careful consideration of appellant's brief and the record
here, and of the opinion filed in the *Woollacott* v. *Meekin* case,
leads to the conclusion that there is no question of law left
for the decision of this court.

On the authority of that case, the cases therein cited, and
*Hatch* v. *Nevills*, 152 Cal. xvi, [95 Pac. 43], the judgment
appealed from is affirmed.

Shaw, J., and James, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on March 26, 1908.