[L. A. No. 1908. Department Two.—December 21, 1908.]

CHARLES STANSBURY, Appellant, v. R. W. POINDEX-
TER, Respondent.

STREET ASSESSMENT—UNLAWFUL RESTRICTION IN CONTRACT AS TO LIA-
BILITY OF CONTRACTOR.—A provision in a contract for street work in
a municipality, that "all loss or damage arising from the nature of
the work to be done under this agreement, or from any unforeseen
obstruction or difficulties which may be encountered in the prosecu-
tion of the same, or from the action of the elements, or from encum-
brances on the lines of the work, or for any act or omission on the
part of the contractor, or any person or agent employed by him not
authorized by this agreement, shall be sustained by the contractor,"
has the effect to render invalid the contract, assessment, and lien.

ID.—EVIDENCE THAT ILLEGAL RESTRICTION DID NOT INCREASE BIDS.—
In an action to enforce a lien, based upon such a contract, it is
immaterial that the contractor was denied an opportunity of showing,
by all who bid for the work, that such illegal provision had not
operated to increase the amount of their bids. Such a showing would
not have negatived the possibility that other persons may have been
deterred from offering to do the work at all by reason of the unlaw-
ful restriction.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Scarborough & Bowen, for Appellant.

Long & Baker, for Respondent.

MELVIN, J.—This is an action by a contractor upon his
claim for work performed upon Normandie Avenue, Los Ang-
eles, adjacent to defendant's property. The contract, assess-
ment, and lien were declared invalid by the superior court, and
judgment was given for the defendant. The contract between
the street superintendent and appellant provided that Nor-
mandie Avenue should be graded and graveled "in accordance
with the plans and profile on file at the office of the city
engineer, and specifications for the construction of graveled
streets on file in the office of the city clerk, said specifications
being numbered 68," and that curbing should be laid "in ac-

cordance with specifications for constructing redwood curbs on file in the office of the city clerk, said specifications being numbered 52." In each of said specifications the following language is used: "All loss or damage arising from the nature of the work to be done under this agreement, or from any unforeseen obstruction or difficulties which may be encountered in the prosecution of the same, or from the action of the elements, or from encumbrances on the lines of the work, or for any act or omission on the part of the contractor, or any person or agent employed by him not authorized by this agreement, shall be sustained by the contractor." Practically the same provision was declared fatal to the validity of the ordinance authorizing certain street work, considered in the case of *Blochman* v. *Spreckels,* 135 Cal. 664, [67 Pac. 1061], and that case is conclusive of the question presented here. There is no merit in appellant's point that he was denied opportunity of showing, by all who presented bids to the city council for the work, that the specifications quoted had not operated to increase the amount of their bids. This objection leaves out of consideration the fact that some bidders may have been deterred from offering to do the work *at all* by reason of the unlawful restrictions contained in the proposed contract. Such persons may have concluded very properly that they could not afford to do the work, in view of the burdens imposed, and, without such burdens, they might have been prepared to present lower bids than those filed by their more daring competitors.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.