[Civ. No. 594.   Second Appellate District.—March 8, 1909.]

JOHN W. CHARTERS, Respondent, v. CHARLES STANS-
BURY, CHARLES M. STIMSON, and W. H. WORK-
MAN, Treasurer of the City of Los Angeles, Appellants.

STREET IMPROVEMENT—CONDITIONS IN CONTRACT AND SPECIFICATIONS
IMPOSING LOSS ON CONTRACTOR—INCREASED BURDEN OF PROPERTY
OWNER—VOID ASSESSMENT AND BONDS.—When the contract and
specifications for a street improvement provide "that all loss or
damage arising from the nature of the work to be done under this
agreement or from any unforeseen obstruction or difficulties which
may be encountered in the prosecution of the same . . . shall be
sustained by the contractor," it imposes unauthorized condition on
the contractor tending to increase the burden of the property owner,
and renders void the assessment and the bonds issued thereon.

ID.—QUIETING TITLE OF OWNER.—In such case, the owner may quiet his
title against the lien of the street assessment bond.

ID.—CITY TREASURER MADE A PARTY—EXPIRATION OF TERM—DECREE
FULLY QUIETING TITLE—REVERSAL NOT REQUIRED.—When the
decree quieting title adjudicates that the assessment and bond are
void, and the injunction runs against all the defendants, the fact
that it includes the city treasurer made a party and his successors
in office, and that his official term expired after the cause was sub-
mitted and before it was decided by the trial court, and that a
motion was denied to vacate the judgment as to him, does not
require a reversal of the judgment.

ID.—FAILURE TO SUBSTITUTE SUCCESSOR IMMATERIAL—ELIMINATION OF
CITY TREASURER—COMPLETE DECREE.—It is not material to con-
sider what effect, if any, the failure to substitute the successor of
the city treasurer as a party would have upon the judgment as to
his successors, since, if all reference to the city treasurer were
eliminated from the decree, the rights of the parties would be fully
determined and the decree complete.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   N. P. Conrey, Judge.

The transcript shows that the contract and specifications
contain the provisions cited in the first syllabus, besides some
other provisions imposing conditions upon the contractor.
Other facts as to the decree are stated in the opinion of the
court.

Cole & Cole, and Charles Lantz, for Appellants.

Lucius M. Fall, for Respondent.

TAGGART, J.—This is an action to quiet title against the lien of a street assessment bond. It is unnecessary to state the facts of the case. The bond issued for the payment of street improvement work done pursuant to the ''Vrooman act'' in the city of Los Angeles under the same specifications considered by the supreme court in *Woollacott* v. *Meekin,* 151 Cal. 701, [91 Pac. 912], and *Van Loenen* v. *Gillespie,* 152 Cal. 222, [96 Pac. 87], and by this court in *Glassell* v. *O'Dea,* 7 Cal. App. 472, [95 Pac. 44]. In all these cases it was held, on the authority of *Blochman* v. *Spreckels,* 135 Cal. 662, [67 Pac. 1061], and *Goldtree* v. *Spreckels,* 135 Cal. 666, [67 Pac. 1091], that such specifications rendered void the assessment for street work based thereon.

The other point made, that the judgment should be reversed because the term of office of the city treasurer who was made one of the defendants expired after the cause was submitted and before it was decided by the trial court, and his successor in office was not substituted as a defendant in the action, is hardly to be seriously considered. The decree adjudicates that the assessment and bond are void, and the injunction granted runs against all the defendants, as well as the city treasurer and his successors in office. If the reference to the city treasurer were eliminated, the rights of the parties would be fully determined, and the decree complete. It, therefore, became unnecessary to determine what effect, if any, the failure to substitute the successor of Workman would have upon the judgment, and the denial of the motion to vacate judgment as to him was not prejudicial.

Judgment and orders appealed from affirmed.

Allen, P. J., and Shaw, J., concurred.