[L. A. No. 2455.   Department One.—June 13, 1910.]

## JOHN H. GAY, Appellant, v. JOHN ENGEBRETSEN, Respondent.

STREET ASSESSMENT—VALID CONTRACT—DAMAGE BORNE BY CONTRACTOR.—A contract for street work providing that "all loss or damage arising from the nature of the work to be done under these specifications, during the progress of the work, and before the acceptance thereof, or from any act or omission on the part of the contractor, or any agent or person employed by him, occurring in the course of the work not authorized by these specifications, shall be sustained and borne by the contractor," is a valid contract, and the damages specified were properly borne by the contractor. The contractor would be responsible for his own negligence, without any express provision in the contract.

ID.—SPECIFICATIONS LIMITED TO DAMAGE "DURING PROGRESS OF WORK."
—The specifications are differentiated from those heretofore held
invalid, in being limited to damage arising "during the progress of
the work."

ID.—PUBLICATION OF NOTICE OF RESOLUTION OF INTENTION JURISDIC-
TIONAL.—Under section 3 of the Vrooman Act, the publication of
the resolution of intention is a condition precedent to the ordering
of the work to be done.

ID.—PUBLICATION OF RESOLUTION ORDERING WORK.—The statute does
not declare that the publication of the resolution ordering the work
to be done shall be complete before any further step can be taken.
Such resolution before its publication may be made the basis of a
notice calling for bids, and the board may designate the newspaper
in which both are to be published. The passage of the resolution
ordering the work done is a necessary preliminary to the right to
award the contract, as is the posting and publishing of the notices
inviting bids.

ID.—ORDINARY RULE AS TO LEGISLATION—PUBLICATION.—The ordinary
rule is that legislative enactments become operative upon their
passage, unless there is an express provision to the contrary. A
provision for its publication does not prevent its effectiveness when
passed.

APPEAL from a judgment of the Superior Court of San
Diego County. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, for Appellant.

Haines & Haines, for Respondent.

SLOSS, J.—Action for the cancellation of an assessment for
street improvements and to enjoin the contractor from claim-
ing any interest thereunder in the lands assessed. The defend-
ant's demurrer to the complaint was sustained, and plaintiff
declining to amend, judgment was entered in favor of the de-
fendant. The plaintiff appeals.

The appellant makes two points against the validity of the
assessment.

The work consisted of street grading in the city of San
Diego. The resolution of intention referred to specifications
contained in ordinance 2061 of said city entitled: "An or-
dinance providing specifications for the grading of streets in
the city of San Diego, California." Section 19 of this or-

dinance reads as follows: "All loss or damage arising from the nature of the work to be done under these specifications, during the progress of the work, and before the acceptance thereof, or from any act or omission on the part of the contractor, or any agent or person employed by him, occurring in the course of the work not authorized by these specifications, shall be sustained and borne by the contractor. The contractor shall keep good and sufficient guards around said improvement, by fence or otherwise, to prevent accident, and shall hang thereon lights, to burn from dusk to daylight, and the contractor shall hold the city harmless from any and all suits for damages arising from or out of and during the performance of the work, or any portion thereof, and before the same has been accepted."

The position of the appellant is that this clause is obnoxious to the rule declared in a line of cases commencing with *Blochman* v. *Spreckels,* 135 Cal. 662, [67 Pac. 1061]. (*Goldtree* v. *Spreckels,* 135 Cal. 666, [67 Pac. 1091]; *Woollacott* v. *Meekin,* 151 Cal. 701, [91 Pac. 612]; *Van Loenen* v. *Gillespie,* 152 Cal. 222, [96 Pac. 87]; *Hatch* v. *Nevills* (Cal.) 95 Pac. 43; *Stansbury* v. *Poindexter,* 154 Cal. 709, [129 Am. St. Rep. 190, 99 Pac. 182].) We are satisfied that there is a clear distinction between section 19 above quoted and the provision of the specifications construed in *Blochman* v. *Spreckels,* which may be taken as a type of the cases dealing with this subject. The ordinance there construed contained the following provision: "The contractor shall keep good and sufficient guards around said improvements by fence or otherwise, to prevent accidents, and shall hang thereon lights to burn from dusk to daylight; and the contractor shall hold the city harmless from any and all suits for damages arising out of the construction of said improvements. The contractor shall when required to do so by the superintendent of streets remove from the work any overseer, laborer or other person, who shall refuse or neglect to obey the said superintendent in anything relating to the work, or who shall perform his work in a manner contrary to these specifications or be found incompetent or unfaithful. All loss or damage arising from the nature of the work to be done under these specifications shall be sustained by the contractor."

It was the last sentence of this clause that was regarded by the court as fatal to the validity of the specifications. This sentence, says the opinion, "looked to damage which might

arise out of and subsequent to the completed work—practically any damage for which the city would be liable which might originate in the nature of the work to be done." The decision was that such a provision was unauthorized in that it sought to compel the contractor to assume an obligation properly resting upon the city and thereby tended to increase the cost of the work and the consequent burden to the property-owner. The court was distinguishing between two kinds of damage which might result from the doing of street work: 1. Such as might result from the making of the improvement, however carefully and properly the actual work of construction were done; and 2. The damage which might accrue through negligence, or the failure to take proper precautions during the period of construction. The first is a damage to property resulting from the exercise of the governmental function of ordering the improvement. For it the person whose property has been injured may seek redress from the governmental agency which caused the work to be done. The second gives rise to the liability resting upon any one who negligently performs a lawful act in such a manner as to injure another. There can be no impropriety in making the contractor liable for the consequences of his own negligence. Indeed, he would be so liable without any express provision in the contract. (*James* v. *San Francisco*, 6 Cal. 528, [65 Am. Dec. 526]; *Barton* v. *McDonald*, 81 Cal. 265, [22 Pac. 855].) In all probability, paragraph 19 of the specifications in the case at bar was designedly framed to avoid the vice of the clause condemned in *Blochman* v. *Spreckels*, and similar cases. It was, we think, intended to require the assumption by the contractor of such liability only as would accrue from his failure to exercise proper care in the doing of the work while the same was under his exclusive control and management. This is the meaning naturally derived from the limitations expressed in the clause itself. The loss or damage to be sustained and borne by the contractor is only such as arose from the nature of the work to be done *"during the progress of the work."* His obligation to hold the city harmless from any and all suits for damages is limited to such suits as may arise from or out of *and during the performance of the work, and before the same has been accepted.* The damage which will accrue to property from the proper carrying out of a public improvement scheme

is, ordinarily, permanent in character. Its effects, while having their inception during the progress of the work, continue thereafter. The limiting words placed in paragraph 19 of these specifications may well be construed as excluding this very element of damage. Indeed such construction is necessary in order to give any substantial meaning to the restrictive language differentiating these specifications from those found in the Blochman case. A contrary ruling would require us to say that the clause was intended to impose upon the contractor a liability limited in time for a loss or damage which would in most cases be permanent and indivisible.

The rule of *Blochman* v. *Spreckels* has been considered a harsh one when applied to specifications identical with those there involved. Even in cases where the decision was clearly in point, this court has manifested reluctance in following it (see *Woollacott* v. *Meekin,* 151 Cal. 701, [91 Pac. 612], and has, in adhering to the doctrine, based its action in large part upon the principle of *stare decisis*. We are certainly not disposed to extend the application of the decision in question to facts which·may so readily be distinguished from those which were thought to require a holding adverse to the validity of the assessment.

The second point relates to the publication of the resolution ordering the work done, and of the notice inviting proposals. The resolution was passed by the common council on the sixth day of November, 1905. It designated the San Diego *Union* and *Daily Bee* as the newspapers in which the resolution itself and the notice inviting sealed proposals for doing the work should be published. The resolution was published in said paper on the thirteenth and fourteenth days of November, 1905, and the notices inviting proposals were published therein on the same days, i. e., the thirteenth and fourteenth days of November. The contention is until that publication of the resolution had been completed, there was no jurisdiction to call for bids, and, in addition, that inasmuch as the only designation of a paper in which the notices should be published was in the resolution ordering the work done, there was, at the time the notices were published, no valid designation of a paper in which said publication of notices should be made.

The argument necessarily underlying these claims is that a

resolution ordering work done is not effective as a basis for further proceedings, or otherwise, until it has been published as required by law. Section 3 of the Vrooman Act (Stats. 1885, p. 147; Stats. 1905, p. 63) provides that at the expiration of twenty days after the expiration of the time of publication by the street superintendent, and "at the expiration of twenty-five days after the advertising and posting, as aforesaid, of any resolution of intention" (in the absence of objection by property-owners), "the city council shall be deemed to have acquired jurisdiction to order any of the work to be done, or improvement to be made, which is authorized by this act; which order, when made, shall be published for two days the same as provided for the publication of intention." Section 5 provides that before the awarding of any contract, the city council shall cause notices inviting sealed proposals or bids to be posted for five days and to be published for two days in a newspaper designated by the council for that purpose. It will be observed that, while section 3 expressly makes the publication of the resolution of intention a condition precedent to the jurisdiction of the council to order the work done, the act contains no declaration that the publication of the resolution ordering the work done shall be made before any further steps can be taken. It is merely provided that the resolution shall be published for two days. We see no good reason for holding that the resolution ordering work done is ineffectual for any purpose until the completion of the publication. The ordinary rule is that legislative enactments become operative upon their passage, unless there is some express provision of law to the contrary. (*People* v. *Clark*, 1 Cal. 406; *Davis* v. *Whidden*, 117 Cal. 618, [49 Pac. 766]). This court has held that, under a city charter providing that a board of trustees should publish all ordinances for ten days, but containing no provision that an ordinance should not take effect until after its publication, an ordinance regulating liquor licenses took effect on its passage. (*City of Sacramento* v. *Dillman*, 102 Cal. 107, [36 Pac. 385].) The principle of this decision is applicable here. The appellant cites several cases in which the completion of publication was held to be essential to the effectiveness of an ordinance, but an examination of these cases shows that in each instance the charter or law authorizing the adoption of the ordinance expressly pro-

vided that the enactment should not be effective until published. Some of the authorities cited deal with proceedings under the street law. In each of them, *Porphyry Paving Co.* v. *Ancker,* 104 Cal. 340, [37 Pac. 1050] ; *Hellman* v. *Shoulters,* 114 Cal. 136, [44 Pac. 915, 45 Pac. 1057] ; *California Improvement Co.* v. *Reynolds,* 123 Cal. 88, 90, [55 Pac. 802] ; *Greenwood* v. *Hassett,* (Cal.) 61 Pac. 173, the question was concerning the necessity of publishing the resolution of intention. It was held, following the plain language of section 3, a part of which we have quoted, that the publication of this resolution is by the statute made a prerequisite to the power of the council to order the work done, or of the street superintendent to post notices of street work. As we have seen, there is no such provision regarding the publication of the resolution ordering the work done. We hold, accordingly, that that ordinance became effective upon its passage, for the purpose of designating the newspaper in which it and the notice calling for bids should be published, as well as for the further purpose of authorizing the posting and publication of such notices. The *passage* of the resolution ordering the work done, is, no doubt, a necessary preliminary to the right to award a contract, as is the posting and publishing of the notice inviting bids, but we fail to find in the statute any provision requiring the publication of the resolution ordering the work done to be fully made in advance of the call for bids.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.