[Civ. Nos. 2136, 2137.  First Appellate District.—September 11, 1917.]

# W. H. LOCKE, Respondent, v. W. F. COWAN et al., Appellants.

STREET LAW—ENFORCEMENT OF LIEN—COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS FOR PERFORMANCE OF WORK.—A substantial compliance with the jurisdictional requirements of the statutory provisions permitting and pertaining to the inauguration and performance of street work must be shown before the enforcement of a lien arising out of a contract for the doing of the work can be had.

ID.—PLEADING—JURISDICTIONAL PREREQUISITES.—As a matter of pleading it is not essential to the statement of a cause of action for the foreclosure of a street assessment lien to plead the particulars of jurisdictional proceedings which are an essential to the making of the contract, since it is sufficient to plead such jurisdictional prerequisites in general terms and according to their legal effect.

ID.—SUFFICIENCY OF PLEADING.—In an action for the foreclosure of a street assessment lien, an allegation that upon and pursuant to due and legal proceedings had and taken by the city council, a contract in due form and containing the matters and conditions prescribed by law was made and entered into by and between plaintiff and the city for the doing of the street work, is a sufficient pleading of the jurisdictional prerequisites.

ID.—EXECUTION OF BOND BY CONTRACTOR—PERFORMANCE OF WORK ACCORDING TO PLANS—BURDEN OF PROPERTY OWNER NOT INCREASED.—The requirement of a resolution of intention that the contractor execute a bond to the city in a stated amount and conditioned to do the work according to the plans and specifications, and that the bond should run for a period of three years, is not to be construed as requiring the contractor to give a bond guaranteeing the quality of the work for three years, and therefore has no tendency to increase the cost of the work.

ID.—RESOLUTION OF INTENTION—EXERCISE OF ORDINARY CARE BY CONTRACTOR — BURDEN OF PROPERTY OWNER NOT INCREASED. — The requirement of a resolution of intention to the effect that the contractor should exercise ordinary care during the performance of the work to protect the public from danger and accident imposed no obligation on him greater or more onerous than that ordinarily required of him by law, and added nothing to his responsibility under the contract, consequently could not have tended in any degree to increase the cost of the work and thereby burden the property owner beyond the statutory requirements.

APPEAL from a judgment of the Superior Court of Sonoma County.  Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, for Appellants.

Oates & Comstock, for Respondent.

LENNON, P. J.—These two actions were instituted in the superior court of the county of Sonoma by the plaintiff against the defendants for the foreclosure of certain assessment liens, arising out of street work performed in the city of Santa Rosa, pursuant to proceedings instituted by the city council under the provisions of the city charter.

The plaintiff secured a judgment in each case, decreeing the foreclosure of the respective liens, from which the defendants have appealed in each case, and both cases are here upon a single record.

The demurrer to the plaintiff's complaint was properly overruled. Generally speaking, a substantial compliance with the jurisdictional requirements of the statutory provisions permitting and pertaining to the inauguration and performance of street work must be shown before the enforcement of a lien arising out of a contract for the doing of the work can be had. But as a matter of pleading, it is not essential to the statement of a cause of action for the foreclosure of such lien to plead the particulars of the jurisdictional proceedings which are an essential prerequisite to the making of the contract. It will suffice to plead such jurisdictional prerequisites in general terms and according to their legal effect. (Code Civ. Proc., sec. 456.) This was done in the cases before us by alleging that "upon and pursuant to due and legal proceedings had and taken by the council of the said city of Santa Rosa, a contract in due form and containing the matters and the conditions prescribed by law was . . . made and entered into by and between the plaintiff and the said city for the doing of certain [described] work." This mode of pleading jurisdictional prerequisites in cases of this character has frequently been held to be sufficient. (*Pacific Paving Co.* v. *Bolton,* 97 Cal. 8, [31 Pac. 625] ; *Himmelman* v. *Danos,* 35 Cal. 441; *Williams* v. *Bergin,* 127 Cal. 578, [60 Pac. 164] ; *Gurnsey* v. *Northern California etc. Co.,* 7 Cal. App. 534, 545 [94 Pac. 858].)

The contention that the lien in suit in the second action expired before the commencement of that action is not sustained by the record, which shows that that action was instituted on July 1, 1914, and that the lien was filed for record July 16, 1913. The action, therefore, was commenced within the statutory time. (City Charter, sec. 81; Stats. 1905, p. 896.)

The requirement of the resolution of intention to the effect that the contractor should exercise ordinary care during the performance of the work to protect the public from danger and accident imposed no obligation on him greater or more onerous than that ordinarily required of him by the law. This being so, it added nothing to his responsibility under the contract, and consequently could not have tended in any degree to increase the cost of the work and thereby burden the property owner beyond the statutory requirements. (*Blochman* v. *Spreckels,* 135 Cal. 662, 665, [57 L. R. A. 213, 67 Pac. 1061]; *Woollacott* v. *Meekin,* 151 Cal. 701, [91 Pac 612].)

The same thing may be said of that clause of the resolution of intention which required the contractor to execute a bond to the city in the sum of one thousand dollars; "conditioned to do said work and improvements according to said plans and specifications—said bond to run for the period of three years from and after the date of the acceptance of said work by the council . . . "

Conceding that the requirement of the resolution of intention that the bonds should run for three years was unauthorized by the city charter or the general law relating to street work, still we do not construe it to mean, as is contended, that the plaintiff, as contractor, was required to give a bond guaranteeing for three years the quality of the work done under the contract. The meaning and purpose of this provision of the resolution of intention is not readily apparent. In fact, it may be said to be without purpose, unless it was designed to cover the progress of particular portions of the work, which might be completed from time to time, prior to the completion of the entire work called for by the contract, which, perchance, might continue for a period of three years.

But however that may be, it is evident, from the fact that the bond actually given and accepted contained no reference to the time within which it was to run, that neither the city council nor the plaintiff as contractor construed and consid-

ered the provision in question to be an essential requirement of the bond.

And that such provision was not intended to be a requirement that the bond should contain a three years' guarantee of the work to be performed under the contract is made evident, we think, by the fact that the bond given did not guarantee nor purport to guarantee the work beyond the time of its completion.

The provision in question, not being a requirement that the plaintiff would give a bond guaranteeing the work for three years, had no tendency to increase the cost of plaintiff's bond for the doing of the work, and consequently did not operate to increase, improperly or otherwise, the burden of taxation of the property owners along the line of the work.

This disposes of all of the points made upon this appeal which we deem worthy of discussion.

The judgment in each case is affirmed.

Richards, J., and Kerrigan, J., concurred.