MERCHANTS & FARMERS STATE BANK, a Corporation, Respondent, v. JOHANNA RONNING, Also Known as Mrs. J. Ronning, Appellant.

(222 N. W. 618.)

Opinion filed December 20, 1928.

*Harvey J. Miller,* for appellant.
*Otto Thress,* for respondent.

CHRISTIANSON, J. Plaintiff brought this action to recover upon a promissory note and to foreclose a chattel mortgage securing payment of such note. The complaint alleges that the plaintiff is a foreign banking corporation having its place of business at Grove City, Minnesota; that the defendant executed and delivered a certain promissory note to the Bresden-Larson Lumber Company and at the same time executed and delivered to the said company a chattel mortgage to secure the payment of the note; that said note and chattel mortgage were thereafter in due course and before the maurity of the note, sold, transferred and assigned by the Bresden-Larson Lumber Company to the plaintiff and that the plaintiff became and now is the owner and holder thereof and that no part of the indebtedness has been paid. Judgment is demanded for the amount of the note with interest; and that the chattel mortgage be foreclosed and the property covered thereby sold and the proceeds applied in payment of the indebtedness. The defendant interposed what is denominated an answer and counterclaim wherein the execution and delivery of the note and chattel mortgage are admitted; but it is denied that the note was given for a consideration. It is further denied that the plaintiff is a holder in due course; and it is alleged that if the note has been assigned to the plaintiff such assignment was not in good faith but merely to enable it to maintain an action upon the note. It is further alleged that the indebtedness represented by the note arose during the year 1922 and prior thereto and was renewed from year to year until on or about October 9, 1926, when the note in suit was executed and delivered in payment of such indebtedness. It is further alleged that while such indebtedness was outstanding and before the execution and delivery of the note in suit the defendant assigned, endorsed and delivered to the Bresden-Larson Lumber Company, as collateral security for the payment of her indebtedness to that company, a certain promissory note dated August 11, 1921, executed and delivered to the defendant as payee by A. H. Austinson and Henry J. Austinson; such note being in the sum of $595.50, bearing interest at the rate of ten per cent per annum, and payable October 1, 1922. It is further alleged that on or about December 15, 1922 without the knowledge or assent of the defendant the said Bresden-Larson Lumber Company made full and final settlement with said A. H. and Henry J. Austinson by then and there taking and accepting from them in pay-

ment of such promissory note, another promissory note in writing dated on that day, payable to the Bresden-Larson Lumber Company and at the same time took from said A. H. and Henry J. Austinson, a chattel mortgage upon twenty-eight head of live stock, certain farm machinery and certain crops to secure the payment of the latter note. It is further alleged that the defendant was never informed of these facts; and at the time of the execution and delivery of the note in suit did not know that the Bresden-Larson Lumber Company had converted said collateral note. It is further alleged that the Bresden-Larson Lumber Company did then and there take the said note pledged by the defendant as collateral and convert the same to its own use, and has at all times since December 15, 1922 exercised ownership over the same. It is further alleged that the defendant at the time of the execution and delivery of the note in suit had no knowledge or information of the acts of the said Bresden-Larson Lumber Company in converting the said collateral note to its own use and that the said company fraudulently concealed the said fact from her and led her to believe that she was still indebted to them; and that the Austinson note which she had pledged as collateral security had not been paid but was still held by it as collateral security to defendant's indebtedness; and that said defendant in reliance upon said representations executed the note in suit. It is further alleged that by reason of the payment of the Austinson note or the conversion thereof by the Bresden-Larson Lumber Company the defendant was not indebted to said company in any amount whatsoever at the time the note in suit was executed and delivered. It is further alleged that the defendant, in the belief that she was still indebted upon the note in suit, has made various payments aggregating in all some $250. The defendant avers that by reason of these facts the note in suit is without consideration and that the obligation evidenced thereby has been fully paid and satisfied. Judgment is asked "that the plaintiff take nothing by this action and that the same be dismissed; that the defendant's counterclaim offset the plaintiff's claim; that the defendant have her costs herein and such other relief as to the court may seem just."

The case came on for trial before a jury upon the issues thus framed. The plaintiff offered the note in evidence. The court asked if there was any objection to the admission of the proffered exhibit; defendant's

counsel replied that the defendant in its answer admitted the execution of the note but did not admit that it was given for a valuable consideration. · The note was received in evidence. There was also an admission as regards the execution of the chattel mortgage whereupon plaintiff rested its cause. The defendant thereupon adduced evidence tending to establish the facts alleged in her pleading. At the close of all the evidence, that is, after both parties had rested, the defendant moved for a directed verdict. Plaintiff's counsel stated that he opposed the motion but in a subsequent colloquy between the court and counsel it was agreed that there were no disputed questions of fact and that there was only a question of law for the court to decide. The court thereupon discharged the jury and in so doing stated: "There is not a fact in this case that is disputed. . . . There is no issue of fact for the jury so they have agreed to submit it to the court." Some thirty days later the plaintiff, pursuant to notice, moved that a new trial of the action be had; that further testimony be taken therein, or that said action be dismissed without prejudice.

The trial court ordered a dismissal of the action without prejudice. Judgment was entered accordingly and defendant has appealed. The sole question presented on this appeal is whether the trial court erred in ordering a dismissal of the action without prejudice to the commencement of another action. Our statute (Comp. Laws 1913, § 7597) provides:

"A civil action may be dismissed, without a final determination of its merits, in the following cases:

"1. By the plaintiff, at any time before trial, if a provisional remedy has not been allowed, or counterclaim made, or affirmative relief demanded in the answer; provided, that an action on the same cause of action against any defendant shall not be dismissed more than once without the written consent of the defendant or an order of the court on notice and cause shown.

"2. By either party, with the written consent of the other; or by the court upon the application of either party, after notice to the other, and sufficient cause shown, at any time before the trial.

"3. By the court, when upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his claim, or cause of action, or right to recover.

"4. By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal.

"5. By the court, on the application of some of the defendants, when there are others whom the plaintiff fails to prosecute with diligence.

"6. The dismissal mentioned in the first and second subdivisions of this section may be made by an entry in the clerk's register, by the plaintiff or his attorney, and a written notice of such dismissal and entry served on the adverse party, and judgment may thereupon be entered accordingly; provided, that in the cases mentioned in the said first subdivision, and in cases in which the parties to the action consent in writing to the dismissal of such action, the judgment of dismissal may be entered by the clerk on motion of either party without any notice to the opposite party, and without an order from the court or judge.

"7. In every case, other than those mentioned in this section the judgment in the action shall be rendered on the merits.

"8. All other modes of dismissing an action, except as provided in this chapter, by nonsuit or otherwise, are hereby abolished."

The facts in this case do not bring it within any of the provisions of § 7597, supra, authorizing a dismissal of an action without a final determination of the merits. Here there was not only a trial but a final submission of the case to the court for determination. 9 Cal. Jur. p. 510; MacDermot v. Grant, 181 Cal. 332, 184 Pac. 396; Heinlin v. Castro, 22 Cal. 102; Casey v. Jordan, 68 Cal. 246, 9 Pac. 92, 305. See also Goldtree v. Spreckels, 135 Cal. 666, 67 Pac. 1091. Whether a plaintiff, upon an appropriate showing, may be relieved from a final submission; and, after the case has been reopened, be entitled to dismiss without prejudice we need not consider as that question is not involved. Assuming without deciding that this may be done, we are agreed that upon the record presented here the trial court was not justified in relieving the plaintiff from the submission of the cause and permitting it to dismiss without prejudice. Bee Bldg. Co. v. Dalton, 68 Neb. 38, 93 N. W. 930, 4 Ann. Cas. 508; Fronk v. J. H. Evans City Steam Laundry, 70 Neb. 75, 96 N. W. 1054. Here the pleading of the defendant set forth, and the evidence adduced by her established, certain facts which entitled her to a cancelation of the note in suit. The case had been fully tried and submitted to the court

for determination. The affidavit submitted by plaintiff's attorney as a basis for the motion for a new trial; a reopening of the case, or a dismissal thereof without prejudice, in our opinion fails to show any legal reason why any one of the three requested forms of relief should be granted. There is no claim that the plaintiff had failed to produce all the evidence obtainable or that any of the evidence adduced by the defendant is untrue. The evidence adduced by the defendant was strictly in accord with the allegations of her pleading. There is no showing that the case submitted was not as strong as it is ever possible for plaintiff to make it. The plaintiff clearly was not entitled to dismiss the action without prejudice as a matter of right under any of the provisions of § 7597 supra, and if the dismissal be regarded as in effect a setting aside of the final submission of the cause, and permission to dismiss upon such submission being set aside, there is, we think, no showing justifying such ruling. There is nothing in the record from which it may reasonably be implied that the ends of justice will be subserved by affording plaintiff opportunity to bring another action, possibly in some other court, and subject the defendant to the expense and annoyance of such action. Bee Bldg. Co. v. Dalton, supra. On the contrary we are all agreed that upon the record presented on this appeal the only conclusion that reasonably can be drawn is that the ends of justice will be best subserved by a final disposition of the cause which has been tried and submitted to the court for determination. It is therefore ordered that the judgment appealed from be and the same is hereby reversed and the cause is remanded for further proceedings conformably to law.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.